Judge Simpson
delivered the opinion of the Court.
Frances Green by her last will and testament, devised all of her estate, consisting of lands, slaves, and personalty to trustees, for the separate and exclusive use of her daughter Susanna E. Payne, to be disposed of as she might deem proper. After the death of Robert Payne, the husband of her daughter, the testatrix directed that the trust should cease and determine, and the legal title to all the property devised, vest absolutely in the daughter.
■ Susanna E. Payne had three children and died in 1845. In the following year John G. Payne, one of the 'children, brought this suit in chancery asserting a right *139 to one-third of the estate devised to his mother. The Court below having dismissed his bill without giving him any relief, he has prosecuted a writ of error.
A devise of land to trustees in trust for the; separate use of a feme covert, the trust to determine with the death of the husband — the wife dies leaving children, the husb’d being beneficially. seized during the life of the wife: Held that he was tenant by the curtesy: (Clan, on Sights 193; 1 Soper on Property, 19) & entitled to the profits of the estate though the trust be determined, if not he as administrator of the wtfe is entitled to the profits.
Cox and Dulin for plaintiff; Cord for defendant.
The estate devised, by the provisions of the will belonged to Susanna E. Payne in fee. During the life of her husband it was to remain her separate estate, and her title to it was merely equitable; after his death however, the legal title was to vest in her. The testatrix seems to have contemplated' alone the Occurrence of the death of the husband in the lifetime of the wife, and made no provision for the case that has actually occurr’ed by the death of the death of the latter in the lifetime of the former.
The husband having survived the wife, and she having had an estate of inheritance in the land devised, of which she had actual as well as beneficial seizin during the coverture, and there being issue capable of inheriting, he is entitled to be tenant by the curtesy, although the estate was held in trust during the life of the wife. Clancy on rights, 193. 1 Royer on property, 19.
And if the death of the wife terminated the trust, as the husband survived the wife, he is entitled to the personal estate as her administrator; 1 Roper, 203. And the slaves also belong to him in the same character. If the trust still continues during his life according to the express provisions of thp will, then the husband as administrator is entitled to the profits and beneficial use of the slaves and personal estate; so that the plaintiff in error in either case is not at present entitled to any part of the estate. We have therefore deemed it unnecessary on the present occasion to decide whether the death of the wife did or not terminate the trust, or what interest the husband is entitled to in the slaves and persona] estate.
Wherefore the decree is affirmed.