Junan Marshall
delivered the opinion of the Court.
This case presents a contest for administration be* tween the surving husband and a brother and brother-in-law of a deceased feme covert, who died intestate and without near kindred. Under ordinary circumstances such a content would probably never arise, as the 29th section of the act of 1797, (Stat. Law, 661,) directs the County Court to grant administration to the representatives who apply, “preferring first the husband or wife, and then such others as are next entitled to distribution, or one or more of them as the Court shall judge will best manage and improve the estate.”
The. fact relied on as distinguishing this from other cases is, that before the marriage of Alfred Soward with the decedent, who was a widow possessed of considerable estate, real and personal, they entered into a marriage contract, which was duly recorded; whereby, in contemplation of the intended marriage, it was agreed between them “that the said Margaret Gor-such (the decedent) shall hold and possess, for her own separate and exclusive use and benefit, all the estate, real, personal and mixed, now owned and possessed by her, and the future rents, issues and profits thereof, free from the control or disposition of the said Alfred Sow-ard. It being intended that the said Margaret Gorsuch shall hold the said property as her separate estate, and in the same manner as if she was sole and unmarried, she hereby retaining authority and power to dispose of the same in such manner as she may choose in her lifetime by sale and conveyance or by last will and testament.”
A wife by anti-TniptiuJ contract íeserved her properly real and personal, with the issues and profits to her sep hi ale ude, a.> well as the right to dispose of it by sale or will, she died without disposing of it — held ihatlhe ftusr band had the light to administration upon her estate, Williams on Executors, 244 Tollers law of Executors, 84 5 11 B. Mon. 138, (slat. law 661.)
It is contended that by the terms and legal effect of this writing, the husband was deprived of’all right and interest which the law would otherwise have given him in the estate of his wife, as well after as before her death, and that as the husband’s right to administer on the estate of his wife, in preference to all others, is founded upon his interest in her estate, when that interest is absolutely renounced by his own act as a party to an antenuptial contract, the basis of his right ceases, and the administration must be granted to some one or more of those who may be entitled to distribution. On the other hand, it is contended that whatever may be the ground of preference for the husband, that preference being declared by the statute expressly and unequivocally his right to- administer cannot be denied,even if upon the death of his wife he should, in consequence of the antenuptial contract, have no interest in her estate; and it is also contended that the wife never having disposed of her estate during her life, the husband’s interest, after her death, and his right to administer, if dependent on interest, are not affected by the antenuptial contract.
The statute seems to intend that administration shall be granted to some one interested in the estate, and probably founds its preference for the husband upon the assumption that he is thus interested.- The 28th section, which directs distribution of the personalty of an intestate, declares expressly “that nothing in the act contained, shall be so construed as to compel the bus-band to make distribution of the personal estate of his wife dying intestate.” This declaration, coupled with -the absolute preference of the husband as administrator, does in fact give to him or recognize In him a right to such personal estate of his deceased wife as being otherwise undisposed of, is at her death left to the disposition of the law. If the husband, as administrator, be not compellable to carry out such dispositions of the wife’s estate as exempted it from the distribution prescribed by law, there would be much reason for saying; *393 that the existence of a valid disposition of the estate, independent of the law directing distribution, should constitute a reasou for not granting administration to the husband, by which such disposition would be defeated. But the existence of such a valid disposition would in fact take the estate out of the operation of the statute of distributions, and out of the declaration in favor of the husband, quoted from the 28th section. And as such a disposition of the estate would be binding upon him as upon any other administrator, it would furnish no imperative, and perhaps no sufficient, reason for withholding the administration from him against the letter of the statute.
(*6 Munf. 133; Ward vs Thompson, 6 Gill ani Johnson, 349.)
In Williams on Executors, page 245, the doctrine is laid down, upon the authority of the cases referred to, that if the wife executes a general power by disposing of her whole estate, the husband is barred of his right of administration; that her execution of a partial power extending to a part of her estate will bar him onlyyw-o tanto, and he is entitled to administer the residue; and that if she executes her power of disposition by will, but makes no executor, the husband is entitled to administer with the will annexed. From which, it is clearly to be inferred, that it is not the existence of the power, but its execution, that bars the husband, and that he is barred only so far as the power is executed. In Toller on Executors, page 84-85, the same principles are found as in Williams, and one of the cases referred to, was upon an antenuptial agreement under which the wife had exercised the power of disposition by will. But administration was granted to the husband as to things not thus disposed of.
In the case of Bray vs Dudgeon,* in which the Supreme Court of Virginia decided that the nephew of the intestate’s wufe was entitled to administration in preference to the husband, the antenuptial settlement had not only given to the wife the power of disposition by will, but provided that if not thus disposed of, it should be conveyed to her proper legal heirs; so that it *394 was not left for distribution by law, in case of her intestacy, but was disposed of by the original settlement; and the surviving husband had no possible interest in it. In this case there, was no disposition of the wife’s estate to take effect after her'death, either in the antenuptial agreement or under the power therein reserved. And therefore the Virginia decision, though probably made under a statute similar to ours, can have no direct application to this case, where the wdfe’s estate was upon her death left wholly to the disposition of the law. In the case of Payne vs Payne 11 B. Monroe, 138, where estate, real and personal, had been devised for the separate and exclusive use of the wife, it was decided by this Court, that if the death of the wife terminated the trust, the surviving husband was entitled to the personal estate as administrator. And as the mere fact that the estate of the wife has been secured to her separate use, with a power of disposition which has not, been executed, does not of itself deprive the husband of his right to administer, we are of opinion that he was not bound by the antenuptial agreement, or by the power reserved in it, which being unexecuted, left her estate to the disposition of the law.
Payne and Hord for appellants; Taylor and Waller for appellees.
Wherefore, the order appointing Alfred Soward administrator of the estate of his deceased wife, is affirmed.'