ALEXANDER, Appellant, *vs.* WARRANCE *et al.*, Respondents.

1. No trust results to a husband, who purchases property and causes it to be conveyed to his wife's trustee.
2. A husband is entitled to curtesy in the equitable estate of his wife. The tenancy by the curtesy exists in this state.
3. A fee farm rent will be upheld in this state.
4. Under the new code, multifariousness is still an objection to a pleading, but it must be made before the hearing of a cause.

Alexander *v.* Warrance et al.

## *Appeal from St. Louis Circuit Court.*

*M. & F. P. Blair*, for appellant. 1. The court below dismissed the suit because the plaintiff sought to eject a party in possession and claiming adversely, and in the same petition prayed for partition with other parties. This was error. See art. 8, §12 of new code; also art. 3, §6. Even if there was a misjoinder of actions, the suit ought not to have been dismissed, but the plaintiff should have been permitted to dismiss one branch of it. 2. A resulting trust cannot be set up against a purchaser for valuable consideration without notice. Property paid for by the husband and conveyed to his wife's trustee, will be held for her against the husband's claim. *Martin* v. *Martin*, 1 Comstock's Rep. 473. *A fortiori* will a purchaser from the heir of the wife hold it, he taking it without knowledge that the husband paid the money. 3. Even if curtesy existed in this state, a husband is not entitled to curtesy in lands held in trust for the wife. *Cochran* v. *O'Hern*, 4 Watts & Serg. 95. But our statute of descents and distributions, sec. 1, by necessary implication, takes away the common law right. *Pratt* v. *Wright*, 5 Mo. Rep. 192. 4. The estate conveyed by the city in trust to Dougherty, was an estate of inheritance and not a chattel interest. It was a fee farm. See 1 Coke, 446, note 5. 5. The trust expired on the death of Mrs. Warrance, and if not, the plaintiff is, nevertheless, entitled to partition.

*J. B. King*, for respondent. Partition of property cannot be made unless the petitioner holds the legal title. *McCabe* v. *Hunter's heirs*, 7 Mo. Rep. 355–6.

Scott, Judge, delivered the opinion of the court.

This was an action under the new code, begun in November, 1851, by Alexander against Goode, Warrance and others. Its object was to obtain a partition amongst the heirs of Catharine Warrance, and those claiming title under them, of a piece of

ground situated in the St. Louis commons; and to eject Wm. Warrance, the husband of the said Catharine, from the possession of it. William Warrance alone defended the action, and it was dismissed on the ground of misjoinder or multifariousness.

It appears that the city of St. Louis, on the 10th day of October, 1843, made a perpetual lease of the premises in controversy to Joseph W. Dougherty, in trust for Catharine Warrance, he paying a yearly rent therefor, with a power to the city of declaring the lease forfeited, in the event of a failure to pay the rent for the term of six months.

Warrance, in his answer, alleges, that the premises had been previously leased to him by the city, and that, with a view of obtaining a better bargain, he forfeited his first contract, and a re-sale of the premises took place. That a city ordinance prohibiting his becoming a purchaser at the re-sale, as he had forfeited his first purchase, with a view of evading the ordinance, the second lease was made to Dougherty, in trust for his wife, he (Warrance) fulfilling all the stipulations imposed by the terms of the lease on the lessee. Mrs. Warrance is dead, and the defendant, her husband, contends that the property has now devolved on him, and that consequently there is no title in the heirs of Mrs. Warrance.

1. Warrance must have been strangely advised when he was told that the law would raise a trust for his benefit out of a transaction, in which, he admits, that he acted a part, with a view to deceive those with whom he dealt.

When a husband or father purchases property in the name of his wife or child, no trust results to him, although he pays the purchase money, the law regarding the transaction as an advancement for the benefit of his wife or child. 1 Lomax, 204–5–6. In this case, there is a purchase in the name of a trustee, and there is an express declaration that it is in trust for the wife. Where there is an express trust declared in writing, there can be no resulting trust.

2. But the law is now clearly settled, that a husband is enti-

tled to curtesy in the equitable estate of his wife. 4 Kent, 30–1. It has been a question sometimes discussed in our courts, whether there is such a thing as a tenancy by the curtesy in this state. The second section of the statute regulating proceedings in partition recognizes the existence of such an estate. It is believed, that the sense of the profession is, that such an estate exists. The case of *Burris* v. *Page*, 12 Mo. Rep. 358, involved the right of the husband to curtesy, and although it passed through all the courts of the state, the right was not questioned. We do not consider, that there is any thing contained in the first section of the act directing descents and distributions, which necessarily excludes the idea of a tenancy by the curtesy. That section, in its terms, only speaks of the inheritances of males, and though, in such cases, the inheritances of females as well as males are included, yet the fact that the attention was only called to the estates of husbands, may account for omission of any express reservation of curtesy. Mrs. Warrance being then seized of an equitable estate in fee, and having children by Warrance during their coverture, he became, by her death, tenant by the curtesy of the premises in controversy.

3. Lord Coke says, that since the statute of *Quia emptores terrarum*, there can be no fee farm rent in England, as the purchaser now would not hold of his immediate feoffor, but of the chief lord of the fee. A fee farm rent is, where the rent is created by deed and the fee is granted. Whatever may be thought of this matter elsewhere, such reservations are upheld in the United States. 1 Hilliard on Real Property. 1 Tucker, 15, 16.

4. The petition is multifarious. The plaintiff had no right to make Warrance a defendant to his proceedings to obtain partition. According to his showing, Warrance had no interest in that proceeding. Why then make him tarry in court, while others are contesting rights in which he had no concern? The objection of multifariousness is not taken away by the code, yet it must be made before the hearing of a cause.

The other Judges concurring, the judgment will be affirmed.