Baker v. Nall, et al.

JOSIAH BAKER, Respondent, *vs.* GEORGE Y. NALL, *et al.*, Appellants.

1. *Conveyance to husband in trust for wife and children—Title of husband after wife's death —May sue child in ejectment.*—Where land is conveyed to the husband in trust for the wife and her children, they will have the equitable title and the right to the rents and profits, and on the death of the wife the fee will vest in the children, but the statute of uses will not pass the legal title to the latter in that event. On the contrary, the father will retain the title in law and the right to supervise the interests of the estate during his life and that of the children. The courts distinguish between a trust given to a stranger to protect the wife from her husband, and a case where the husband is selected to guard her interests and that of the children.

And the trustee may maintain ejectment even against the *cestui que trust.* Thus where such suit is brought against a tenant who had married his daughter, defendant cannot deny plaintiff's title on the plea that, in making the contract of rent, he was ignorant of the daughter's interest.

### Appeal from Clay Circuit Court.

*J. E. Merryman, Samuel Hardwick, with Henry Smith,* for Appellants, cited in argument, Clark vs. McGuire, 16 Mo., 302 ; Boal vs. Morgner, 46 Mo., 48 ; Hill Trustees, 406, 421 ; Wagn. Stat., 1350, § 1; Roberts vs. Mosely, 51 Mo., 282 ; Guest vs. Farley, 19 Mo., 147 ; Tay. Land. Ten., § 705 ; 2 Greenl. Ev., § 305 ; Stagg vs. Eureka T. & C. Co., 56 Mo., 217—320 ; Terrill vs. Boulware, 24 Mo., 254—257 ; Big. Est., 380, *et seq.* and 396 ; Johnson vs. Houston, 47 Mo., 227–231.)

*J. W. Jenkins, with James E. Lincoln,* for Respondent, cited in argument, Walker vs. Harper, 33 Mo., 592 ; Parker vs. Raymond, 14 Mo., 535 ; 1 Wash. Real Prop., 377 ; 2 *Id.,* 206, 209 ; Jenkins vs. DeWatts, 7 Johns., 157 ; Jackson vs. Scissom, 3 Johns., 498 ; Layohare vs. Dobbin, 3 Johns., 223 ; Jackson vs. Waller, 7 Cow., 637 ; Thompson vs. Lyon, 33 Mo., 219 ; Guest vs. Farley, 19 Mo., 147 ; Roberts vs. Moseley, 51 Mo., 287.

NAPTON, Judge, delivered the opinion of the court.

This is an action of ejectment, to recover 160 acres of land in Clay county.

The petition and answer are in the usual form, except that the answer, after denying all the allegations of the petition, sets up as a defense, that one Lloyd R. Leach executed a deed conveying the land to plaintiff as trustee for his wife and her children, and that plaintiff's wife is dead, and that the defendants, who married two daughters of plaintiff, are in fact the rightful owners of 2-3 of this land.

The facts in the case seem to be undisputed. It appears that in 1843, Thomas Turner, of Madison county, Kentucky, made a will, devising two small tracts of land to two trustees, named Leavitt and Turner, in trust for the use and benefit of his daughter Sarah Ann Baker, wife of the plaintiff in this case. In 1844, Turner made a deed, having the same object in view, in which he conveyed to these same trustees the same land named in his will, in trust for the use of Sarah and her children, providing in this deed that she be permitted, in conjunction with her husband, to occupy and use this land.

After the death of Turner, an act of the legislature of Kentucky was passed, authorizing the Circuit Court of Madison county to take cognizance of a proceeding in chancery, looking to a sale of this land in Kentucky, and a re-investment of the proceeds in Missouri land; and a decree was accordingly procured, substituting Baker, the husband, in lieu of the original trustees, and authorizing him to sell the Kentucky lands at a price below which he was not allowed to sell, and to invest the money in Missouri, subject to the same trusts.

This was done regularly, and everything done by Baker was sanctioned by the court, and the 160 acres now in dispute were bought, and the deed was made to Baker as "trustee for his wife and her children."

It seems that after the death of Baker's wife, he rented the land in controversy, for five years to the defendant Nall, who had married his daughter, and that the defendant Russell, intermarried with the other daughter in 1865, and lived with Nall. It further appears, from the statement of Nall, that he was not aware, when he rented said land, of the interest of

his wife; and he relies on this ignorance as an answer to the position, that a tenant cannot dispute the title of his lessor.

There were three children of plaintiff and Sarah Ann, his wife, two of whom are defendants with their husbands; and the plaintiff has bought the interest of the other child, who was a son.

The court declared the law to be as asked by plaintiff, which was:

1. "That the defendant, Nall, having gone into possession of the premises in controversy, as the tenant of plaintiff, is estopped from denying the plaintiff's title."

2. "That under the pleadings and evidence, the plaintiffs are entitled to recover."

3. "That the court cannot in this action undertake to settle the respective rights of the plaintiff, as trustee, and the beneficiaries of the trust estate."

4. "That the plaintiff is entitled to recover the possession of the wife's share of the real estate in controversy, as tenant by the courtesy."

The defendants asked for the following instructions:

"That Lloyd Leach and wife conveyed the property to Josiah Baker in trust and for the use and benefit of Sarah Ann, his wife, and her children, and said Sarah Ann is dead, leaving Thomas her son, and Elizabeth Nall, wife of defendant, and Rebecca Russell, wife of Christopher Russell; that Russell intermarried with Rebecca in 1865; that Nall intermarried with Elizabeth in 1866, and that about two months thereafter, the defendant Nall, without any knowledge of said title and of the interest of his said wife, and by mistake of her rights, made a contract by which he rented the premises from plaintiff; and the plaintiff has since purchased the interest of his son Thomas. Therefore, the court declares that plaintiff is entitled to one undivided third of the premises, and defendants to the remaining two-thirds, and judgment is entered accordingly."

This instruction the court declined to give, and the judgment of the court was as follows:

"Now at this day come the parties aforesaid, and the court being fully advised, etc., finds that the plaintiff is entitled to the possession of the premises claimed," etc.

This case presents several points, involving questions of importance and difficulty, both as to the rules of pleading and the merits.

The conveyance to Baker, does not fall within the rule established in Mosely vs. Roberts (51 Mo., 285). There is no doubt, this was an executed trust, since nothing was to be done on his part to complete his obligations as trustee. Still it was a trust, not a use executed by the statute. The use was not merely for the wife, but the children. Where a trust is rendered useless, as in the case of a stranger being made trustee, to protect the wife's interest from her husband, and and the wife dies or the husband dies, the trust is discharged and the legal title passes to the *cestuis qui trust*. (Mosely vs. Roberts, 51 Mo., 285.)

But in this case, the trust is to the father and husband, for the use of the wife and children. This trust is not discharged by the death of the wife, the trustee still living.

The children, after the death of the wife, had an undoubted equitable right to the rents and profits of the estate; and the plaintiff had no right to rent the farm to his son-in-law for $500, unless the rent was returned to his two daughters. But the son seems then to have been a minor, and as trustee, the plaintiff might lease the land; but for any misappropriation of the rent, could have been held liable in a suitable proceeding.

If the construction of this deed is to be to hold the wife and children as tenants in common of the equity, then the plaintiff had a clear title to one-fourth, as tenant by the courtesy.

But I incline to think that the meaning of the deed was to give an estate for life in the wife, and an estate in fee in her children; but while the trustee lived, especially during the minority of his children, he was the owner of the legal title, and the statute of uses did not pass his legal title to the *cestuis qui trust;* and being the owner of the legal estate,

he could maintain an ejectment even against his *cestuis qui trust.*

The land was purchased with the money of the wife, that is, with the proceeds of lands in Kentucky, conveyed to trustees for her by her father. The trustees in Kentucky were strangers; but the court in Kentucky allowed the plaintiff, who was the husband, to invest the money arising from the sale of the lands in Kentucky, in lands here on the same trust. This was done, and the Kentucky court approved of the sale in Kentucky and the purchase here. There is no impeachment of the transaction. Everything done by this plaintiff was strictly in accordance with the order of the court in Kentucky. The title from Leach was to plaintiff "as trustee for his wife and children."

The question is, does his interest, as trustee, cease with the death of his wife? Or did the estate at once pass, under the statute of uses, to his wife and children?

Mr. Lewin says "Trusts executed are where the limitations of the equitable interest are complete and final. In the trust executory the limitations of the equitable interest are not intended to be complete and final, but merely to serve as minutes and instructions for perfecting the settlement at some future day." And Chancellor Kent says: "a trust is executory where it is to be perfected at a future period, by a conveyance or settlement, as in a conveyance to B., in trust, to convey to C. It is executed, either when the legal estate passes, as in a conveyance to B., in trust, for the use of C., or where only the equitable title passes, as in case of a conveyance to B. to the use of C., in trust for D. The trust in the last case is executed in D., though he has not the legal estate." (2 Washb. Real Prop., 180.)

But Lord Steward explains these definitions: "All trusts are in a sense executory, because a trust cannot be executed except by conveyance, and therefore there is always something to be done. But that is not the sense in which a court of equity considers an executory trust, as distinguished from a trust executing itself."

There is no doubt that the present is an executed trust; and a trustee is not held to take a longer estate than the nature of the trust requires, although the trust is given to him and his heirs. But though this trust was an executed one, within the meaning of the equity law, still it is a trust, and continues till the purposes for which it was created cease. It was not given to a stranger to protect the wife against her husband; but it was conveyed to the husband for his wife and children. The wife and children were the proposed beneficiaries, and the husband was the trustee, selected to guard their interests.

This would give the wife and children the rents and profits of the land, or a complete equitable title; but it would not deprive the trustee of his right to supervise the interests he was, as trustee, required to protect, and for which he was invested with the legal title. In other words, the title did not pass from the trustee during his life and whilst his children were still living. And this conclusion is in manifest accordance with the intent of Turner, the father of plaintiff's wife, in his conveyance of the land in Kentucky, in which the wife in conjunction with the husband was to occupy the land therein conveyed.

"In a court of law, a *cestui qui trust* is a tenant at will of his trustee, and the trustee may recover against him in an action of ejectment for the possession of the premises, and he will not be admitted to deny his trustee's title." (2 Washb. R. P., 210 side page.)

Under our practice this rule may be modified; and if the defendants had in equity a right to the immediate possession, such defense might be set up in an ejectment; but it is not easy to see how the equities of the parties in this case can be adjusted in an action of ejectment. The defendants had an undoubted right to be relieved from payment of rent, so far as their equitable interest in the land is concerned; and the plaintiff would be compelled in a court of equity to discharge his trust.

But the defendants in this suit, regarded either as *cestuis qui* trust or as tenants, could not dispute the title of the plaintiff. Our statute provides that "the attornment of a tenant to a stranger shall be void, and shall not, in anywise, affect the title of the landlord, unless it is made, first, with the consent of the landlord, or secondly, pursuant to or in consequence of a judgment at law or a decree in equity, or sale under execution or deed of trust, or, third, to a mortgagee, after the mortgage has been forfeited."

There is no provision made for ignorance of the tenant's title, and in this case the title existed long before the lease was taken.

Judgment affirmed. Judges Wagner and Sherwood concur; Judges Vories and Hough concur in the result.