ELIZABETH TREMMEL ET AL., Appellants, *v.* THEODORE
KLEIBOLDT, Respondent.

February 25, 1879.

1. Tenancy by the curtesy may exist in the equitable estate of the wife, even
   though held to her separate use, unless such effect be contrary to the clear
   terms of the settlement.
2. Tenancy by the curtesy, in Missouri, depends on the common-law.
3. A conveyance with absolute right of disposition carries the fee.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

FINKELNBURG & RASSIEUR and D'ARCY & NAGEL, for appellants : The estate of Louisa Kleiboldt, defendant's wife, was a life-estate, with power of appointment. The contingent remainder to her heirs could only unite with her life-estate, so as to give her the fee, by virtue of the rule in *Shelley's Case,* which does not exist in Missouri.— 2 Wag. Stats., 1351, sect. 6 ; 2 Washb. on Real Prop. (4th ed.), top pp. 598, 599 ; *Pendleton* v. *Bell,* 32 Mo. 100. Even the rule in *Shelley's Case* would not enlarge the wife's estate into a fee, her estate for life being equitable, and the remainder, as executed by the statute, being legal. — 2 Wag. Stats. 1350, sect. 1 ; *Roberts* v. *Mosely,* 51 Mo. 282 ; 1 Fearne on Rem. 51, 54 ; *Lord Say and Seal* v. *Lady Jones,* 3 Bro. P. C. 113. There is no tenancy by the curtesy in Missouri, except as against the devisee of a married woman's legal estate. — 1 Wag. Stats. 529 ; 2 Wag. Stats. 935, sect. 13 ; Meyer's Suppl. to Wag. Stats. 269, sect. 13. There is no tenancy by the curtesy in the separate estate of a married woman, it being one " *sui generis.*"—*Kimm* v. *Weippert,* 46 Mo. 532 ; *Gay* v. *Ihm,* 3 Mo. App. (Appendix) 588 ; *Jacques* v. *Church,* 17 Johns. 548 ; *Townshend* v. *Matthews,* 10 Md. 251 ; *Liptrot* v. *Holmes,* 1 Geo. 381 ; *Cochran* v. *O'Hern,* 4 Watts & S. 95 ; *Stokes* v. *McKibben,* 1 Har. 268 ; *Clark* v. *Clark,* 24 Barb. 581 ; *Pool* v. *Blakie,* 53 Ill.

495. There is no tenancy by the curtesy where the language, as in the present case, is fairly inconsistent therewith. — *Morgan* v. *Morgan*, 5 Madd. Ch. 245 ; *Marshall* v. *Beall*, 6 How. 78 ; Schouler's Dom. Rel. (2d ed.) 195 ; 1 Washb. on Real Prop. (4th ed.), top p. 169 ; *Ganse* v. *Hale*, 1 Ired. Eq. 241 ; *Woodcock* v. *Duke of Dorset*, 3 Bro. C. C. 559.

KERR & TITTMAN, for respondent: An outstanding curtesy will defeat ejectment by the heirs. — *Reaume* v. *Chambers*, 22 Mo. 36. The husband is entitled to curtesy in the equitable estate of his wife. — *Alexander* v. *Warrance*, 17 Mo. 229 ; *Baker* v. *Nall*, 59 Mo. 268. The plaintiff takes nothing by the deed from Wittler to herself. — *Roberts* v. *Mosely*, 51 Mo. 282.

HAYDEN, J., delivered the opinion of the court.

This is an action of ejectment. The plaintiff Elizabeth Tremmel is the daughter of the defendant and his deceased wife Louisa. The defendant claims possession as tenant by the curtesy, and his title depends upon a deed to the following effect: The defendant, in consideration of love and affection, conveyed to one Wittler and heirs, as trustee for his wife Louisa, the property in trust for her sole and separate use, and Wittler " hereby covenants and agrees to and with the said Louisa Kleiboldt that he will suffer and permit her without let or molestation to have, hold, use, occupy, and enjoy the aforesaid premises, with all the rents, issues, profits, and proceeds arising therefrom, whether from sale or lease, for her own sole use and benefit, separate and apart from her said husband, and wholly free from his control or interference or from his debts, in such manner as she may think proper ; " that he will, upon direction in writing signed by her, bargain, sell, mortgage, etc., or otherwise dispose of the property and pay over the rents and profits, and at her death convey or dispose of the property, etc., as and to such person as she may by will or other writing appoint, " and in default of such appointment, then

that he will convey the premises to her legal heirs."
Louisa Kleiboldt died before this suit was brought, without
making any disposition of the property. The plaintiff
Elizabeth put in evidence a deed from the trustee Wittler
to herself, conveying the legal title to her as heir of her
mother; and it appeared that she was the sole heir, the
other plaintiff being her husband. The plaintiffs asked the
court below to declare that the deed from the defendant to
the trustee vested the entire estate in the legal heirs of the
*cestui que trust*, free from any interest in the husband,
upon the death of the *cestui que trust* intestate and after the
conveyance by the trustee; but the court refused, and held
that the defendant took an estate by curtesy upon the death
of his wife, there having been vested in her by the deed of
the defendant an equitable estate in fee.

If the question here involved were one of first impression
in this State, it would require an examination based upon
premises different from those which must now be assumed.
In no class of cases is it more essential than in those involv-
ing the title to real estate and the construction of convey-
ances to adhere not only to express decisions, but to those
rules which, stated from time to time in judicial opinions,
and acquiesced in, are understood to be a part of the law
and are acted on as such. Such is the rule that, the neces-
sary conditions existing, the husband has tenancy by curtesy
in the equitable estate of the wife. *Baker* v. *Nall*, 59 Mo.
268; *Alexander* v. *Warrance*, 17 Mo. 228. The nature of
tenancy by curtesy in this State depends on the common
law, there being no statutory provisions giving character to
the estate; so that decisions depending on modifications
which were the result of statutes are not here in point.
The rule prevailing is that adopted in England and gener-
ally in this country, and admits of no exception grounded
merely in the fact that the equitable estate of the wife is
held to her sole and separate use. Equity follows the law,
and where the wife during coverture is in possession of an

equitable estate of inheritance, the curtesy becomes initiate on issue had, attaches itself to the inheritance, and becomes consummate by the death of the wife.    The equitable estate may, indeed, by the terms creating it be so limited as to give the wife the inheritance and yet not give the husband curtesy ; but to defeat the presumed operation of the law, it must appear that the intent of the settler was to deprive the husband of the life-estate.    Whatever doubts once existed, it has long been well settled that there must be words expressive of further exclusion than such as is implied, in a settlement to the sole and separate use of the wife, with provision that she should enjoy without interference from her husband.    *Bennet* v. *Davis*, 2 P. Wms. 316 ; *Morgan* v. *Morgan*, 5 Madd. Ch. *408 ; *Follett* v. *Tyrer*, 14 Sim. 125, and authorities cited below.    And the intent to deprive the husband of curtesy must be plainly expressed.    *Stewart* v. *Stewart*, 7 Johns. Ch. 229 ; *Lessee* v. *Steele*, 4 Ohio, 170 ; *Dubs* v. *Dubs*, 31 Pa. St. 154 ; *Baker* v. *Heiskell*, 1 Coldw. 642 ; *Payne* v. *Payne*, 11 B. Mon. 138 ; 4 Kent's Comm. *31 ; 1 Washb. on Real Prop. 169.    In the recent case of *Ege* v. *Medlar*, 82. Pa. St. 100, it is said that expressions such as " for the purpose of promoting the interest of said Elizabeth, separate and apart from that of her said husband," and " to and for her and their sole and separate use and benefit," " are but the ordinary terms used in such instruments, and import no intention to strip the husband of his curtesy."

Upon a proper construction of the deed now in question, so far from any intention plainly appearing to exclude the life-estate of the husband, it may fairly be said that the contrary intention appears.    No words are used excluding him from any right or interest in the property generally. The words are apt to secure the wife's personal enjoyment, not to bar future rights of the husband.    Words adapted to the purpose now sought — to cut off curtesy — are the words that should appear.    See *Cochran* v. *O'Hern*, 4

Watts & S. 95; *Walters* v. *Tazewell*, 9 Md. 291; *Mason* v. *Deese*, 30 Ga. 308; *Marshall* v. *Beall*, 6 How. 78.

The question here is not of a deed to be construed against a grantor, but of the operation of a rule of law which is to operate unless facts are shown preventing its operation. As all conditions happened necessary to the existence of curtesy as a vested estate, it is not sufficient to raise a doubt as to the intent of the settler. To be in doubt is to be resolved. The intention should plainly appear. The rule being well settled, it must be considered that it was kept in view. Here the instrument is merely in the ordinary form, without words adapted to prevent the operation of a well-known legal rule.

The granting words, and the absolute right of disposition given to the wife, show that she took the fee. *Green* v. *Sutton*, 50 Mo. 186; *Pollard* v. *Union National Bank*, 4 Mo. App. 408. There are no provisions inconsistent with the terms of the grant, and it is not even necessary to resort to the principle which guided the Supreme Court in *Green* v. *Sutton*, *supra*, that words importing a remainder may be rejected when inconsistent with the granting words, and power of absolute disposition given to the wife. The covenant is here inserted merely to show that the intent was to carry out the use already declared. The prominence given in argument to this covenant to convey to the heir serves only to perplex what, under the guidance of the better rules now prevailing as to intention, should be a simple case. By the mere making of a deed to the plaintiff the trustee could not give efficacy to a covenant which had no scope for legal operation; nor could the insertion of such a covenant avail to destroy legal rights of which, without it, there could have been no doubt. No rule of construction requires that in order to give some effect to words a meaning shall be given them which they will not bear. Here the equitable fee vested in the wife, and, she making no appointment, upon her death the trust ceased with the

necessity for it; the purely legal estates supervened; the curtesy, before initiate, became consummate; and the heir took according to the intention of the settler, though not through the means of the covenant. Where deed and law together carry out the intentions of the grantor, it is all that can be effected or desired.

The judgment of the court below will be affirmed. Judge BAKEWELL concurs; Judge LEWIS is absent.