TREMMEL, *Plaintiff in Error,* v. KLEIBOLDT.

**Curtesy in Wife's Separate Estate.**  A conveyance to the sole and separate use of a married woman does not debar her husband from curtesy in lands of which she died in the actual possession, or the rents, issues and profits of which she received through her trustee, unless it appears from the deed that such result was intended by the grantor.  A covenant on the part of the trustee to convey the property at her death as she may appoint, and in default of appointment then to her heirs; *Held,* not to indicate such intent.

*Error to St. Louis Court of Appeals.*

AFFIRMED.

*Finkelnburg & Rassieur* for plaintiffs in error.

The estate of Louisa Kleiboldt was a life estate, with power of appointment; the contingent remainder to her heirs could only unite with her life estate, so as to give her the fee, by virtue of the rule in *Shelley's case,* which does not exist in Missouri. 2 Wag. Stat., § 6, p. 1351 ; 2 Wash. Real Prop., (4 Ed.) pp. 598, 599, top ; *Pendleton v. Bell,* 32 Mo. 100. Even the rule in *Shelley's case* would not enlarge the wife's life estate into a fee, her estate for life being equitable, and the remainder, as executed by the statute, being legal. 2 Wag. Stat., § 1 p. 1350 ; *Roberts v. Moseley,* 51 Mo. 282 ; 1 Fearne on Rem., 51, 54 ; *Lord Say & Seal v. Lady Jones,* 3 Bro. Par. Cas. 113. There is no tenancy by the curtesy in Missouri, except as against the devisee of a married woman's legal estate. Wag. Stat., 529 ; Ib., p. 935, § 13. There is no tenancy by the curtesy in the separate estate of a married woman, it being one *sui generis.* *Kimm v. Weippert,* 46 Mo. 532 ; *Gay v. Ihm,* 69 Mo. 584 ; *Jaques v. M. E. Church,* 17 Johns. 548 ; *Townshend v. Matthews,* 10 Md. 251 ; *Liptrot v. Holmes,* 1 Ga. 381 ; *Cochran v. O'Hern,* 4 Watts & S. 95 ; *Stokes v. McKibben,* 13 Pa. St. 268 ; *Clark v. Clark,* 24 Barb. 581 ; *Pool v. Blakie,* 53 Ill. 495. There is no tenancy by the curtesy where the language, as in the present case, is fairly inconsistent therewith. *Clark v. Maguire,* 16 Mo. 302 ; *Morgan v. Morgan,* 5 Mad. Ch. 245 ; *Marshall v. Beall,* 6 How. 78 ; Schouler Dom. Rel., (2 Ed.) 195 ; 1 Wash. Real Prop., (4 Ed.) p. 169 ; *Gause v. Hale,* 2 Ired. Eq. 241 ; *Woodcock v. Duke of Dorset,* 3 Bro. C. C. 569.

*Kehr & Tittman* for defendant in error.

HOUGH, J.—This is an action of ejectment. The

plaintiff, Elizabeth Tremmel, is the wife of her co-plaintiff, Frank Tremmel, and is the daughter of the defendant, and of the defendant's deceased wife Louisa, and is sole heir at law of her mother.

On the 2nd day of January, 1871, the defendant conveyed the premises in controversy to one Gotlieb Wittler, as trustee, for the sole and separate use of his wife, Louisa. The portions of said deed which are material to the present controversy, are as follows: "To have and to hold the same, with all the rights, privileges and appurtenances thereto belonging, or in anywise appertaining, unto him, the said party of the second part, his heirs and assigns forever. In trust, however, to and for the sole and separate use, benefit and behoof of the said Louisa Kleiboldt, wife of Theodore Kleiboldt; and the said Gotlieb Wittler, party of the second part, hereby covenants and agrees to and with the said Louisa Kleiboldt, that he will suffer and permit her, without let or molestation, to have, hold, use, occupy and enjoy the aforesaid premises with all the rents, issues, profits and proceeds arising therefrom, whether from sale or lease, for her own sole use and benefit, separate and apart from her said husband, and wholly free from his control or interference, or from his debts, in such manner as she may think proper, and that he will at any and all times hereafter, at the request and direction of the said Louisa Kleiboldt, expressed in writing signed by her or by her authority, bargain, sell, mortgage, convey, lease, rent, convey by deed of trust for any purpose, or otherwise dispose of said premises or any part thereof, and will pay over the rents, issues, profits and proceeds thereof to her, the said Louisa Kleiboldt, in such manner as she shall in writing direct or request, and that he will, at the death of the said Louisa Kleiboldt, convey or dispose of the said premises, or such part thereof as may then be held by him under this deed, and all profits and proceeds thereof, in such manner, to such person or persons, and at such time or times as the said Louisa Kleiboldt shall by her last will

and testament, or any other writing signed by her or by her authority, direct or appoint, and in default of such appointment, then that he will convey such premises to her legal heirs."

The plaintiffs claim possession under a conveyance from Wittler, the trustee, to Elizabeth Tremmel, executed after the death of her mother, Louisa Kleiboldt, and the defendant claims possession as tenant by the curtesy. The circuit court held that the defendant was entitled to possession as tenant by the curtesy, and rendered judgment in his favor. The judgment of the circuit court was affirmed by the court of appeals, and the plaintiffs have appealed to this court.

It is well settled that the husband is entitled to curtesy in all estates of inheritance of which the wife dies seized, either at law or in equity. As to equitable estates, actual possession by the wife, or the receipt by her of the rents, issues and profits, or possession by a trustee for her benefit, is equivalent to legal seizin—and the limitation of such estates to the sole and separate use of the wife, will not debar the husband from curtesy, as such limitation necessarily terminates upon the death of the wife. *Alexander v. Warrance*, 17 Mo. 228; *Baker v. Nall*, 59 Mo. 265; Lewin on Trusts, 622; *Watts v. Ball*, 1 P. Will. 108; *Parker v. Carter*, 4 Hare 400; *Morgan v. Morgan*, 5 Mad. 408; *Follett v. Tyrer*, 14 Sim. 125; *Appleton v. Rowley*, 8 Law Rep. (Eq. Cas.) 139; *Mullany v. Mullany*, 4 N. J. Eq. 16; *Cushing. v. Blake*, 30 N. J. Eq. 689. By the terms of the deed under consideration the entire estate was vested in the wife, and no remainder was or could be created by the covenant of the trustee to convey the property to her legal heirs, at her death, in default of appointment or other disposition thereof, by her during her life. *Green v. Sutton*, 50 Mo. 186; 2 Black. Com., 164. And we are of opinion that this covenant of the trustee fails to indicate a purpose on the part of the grantor, to deprive himself of his right to curtesy. The conveyance, with this covenant in it, amounts

to no more than a conveyance to the trustee for the use of the wife, her heirs and assigns, as was the case in *Appleton v. Rowley, supra.* It is in all respects similar to the conveyance passed upon in *Cushing v. Blake, supra,* and while the rule in *Shelley's case* was invoked in that case in order to enlarge the estate of the wife to a fee, the direction to the trustee to convey to her heirs, at her death, was held to be insufficient to exclude the right of the husband to curtesy, although it was urged by counsel as indicating such an intent.

The case of *Roberts v. Moseley,* 51 Mo. 282, cited by appellant's counsel as deciding that the husband is not entitled to curtesy in the separate estate of his wife, is evidently misunderstood by them. No such question arose, or was considered in that case. There, the deed from Geo. W. Moseley to Armstrong, the trustee, conveyed the land "for the sole use and benefit of the said Ann M. Moseley, her heirs and assigns forever, and in further trust, that the said Ann M. Moseley shall have the use and occupation of said lands, and take and enjoy the rents and profits of the same for her sole use and benefit." When the suit was brought, George W. Moseley, the husband, and Ann M. Moseley, the wife, were both dead. The court said : "Upon the death of George W. Moseley, the use thus created became immediately executed in Ann M. Moseley, and if she was dead, then in her legal heirs, and thus the whole legal estate was then vested in the *cestui que use* by virtue of the statute of uses." In the case at bar, upon the death of the wife, the estate vested in her heir, subject to the intervening particular estate of the defendant as tenant by the curtesy. The draughtsman of this conveyance was, doubtless, of opinion that the statute of uses operated only upon the first use, and that the heirs could not be invested with the legal title without a conveyance from the trustee, and hence inserted a covenant on his part to convey to them, and such was the opinion of Judge Adams in *Roberts v. Moseley, supra,* which was decided in 1873.

As it does not appear in the conveyance in question that there was any purpose on the part of defendant to deprive himself of a right to curtesy, the judgment of the court of appeals will be affirmed. The other judges, concur.