Soltan v. Soltan.

SOLTAN v. SOLTAN *et al., Appellants.*

1. **Husband and Wife :** CURTESY IN WIFE'S SEPARATE ESTATE. The conveyance of real estate by a husband to a trustee in trust for the sole and separate use of the grantor's wife, her heirs and assigns, the trustee covenanting that, on the death of the wife, he will convey or dispose of the premises as the wife may, by will or other writing, direct, or, in default of such direction, will convey to her legal heirs, will not, upon the death of the wife, deprive the husband of curtesy in the land so conveyed.

2. ———— : ———— : WILL OF WIFE. The wife cannot, by will, deprive her husband of his estate by the curtesy in her lands. (R. S., sec. 3961).

*Appeal from St. Louis City Circuit Court.* — HON. DANIEL DILLON, Judge.

AFFIRMED.

*B. Schnuhrmacher* for appellants.

A husband is not entitled to curtesy in the real estate of the wife, conveyed to her sole and separate use, with

power of disposal, where she has exercised the power, and disposed of the estate, by deed or will. *Cooper v. MacDonald*, 7 Law Rep. (Ch. Div.) 288; 38 Law Times (N. S.) 191; 47 Law Journal (N. S.) Ch. Div. 373; *Appleton v. Rowley*, 8 Law Rep. (Eq. Cases) 139; *Follett v. Tyrer*, 14 Simmon's Reports, 125; *Pool v. Blakie*, 53 Ill. 495; Lewin on Trusts [8 Ed.] 735; 1 Washburn on Real Property [5 Ed.] *130.

*Louis Gottschalk* for respondent.

Plaintiff was entitled to curtesy in the real estate of his wife, and she could not deprive him thereof, by her last will. *Tremmel v. Kleibold*, 75 Mo. 255; 6 Mo. App. 549; 1 R. S. 1879, sec. 3961; 14 Cent. Law Journal, 384; 3 Jarman on Wills [5 Am. Ed.] 752, 754; *Vreeland's Ex'r v. Rynos, Ex'r*, 26 N. J. Eq. 160; *Porch v. Fries*, 18 N. J. Eq. 205; Schouler on Wills, sec. 57.

NORTON, C. J.—This is an action of ejectment, in which plaintiff obtained judgment and from which defendants have appealed. It appears from the record that plaintiff, who, in 1874, was the owner of the lot in controversy, conveyed the same by deed to one Hilker, as trustee, for the sole and separate use of his wife. So much of said deed as has a material bearing in this suit is as follows: "In trust, however, to and for the sole and separate use, benefit, enjoyment, and behoof of the said Charlotte Soltan, wife of Frederick Soltan, and her heirs and assigns, the said Henry Hilker, party of the second part, hereby covenanting and agreeing that he will suffer and permit her, the said Charlotte Soltan, without let or molestation, to have, hold, use, occupy, and enjoy the aforesaid premises, with all the rents, issues, profits, and proceeds arising therefrom, whether from sale or lease, for her own use and benefit, separate and apart from her said husband, and wholly free from his control or interference, and from his debts, in such

manner as she may think proper ; and that he will, at any and all times hereafter, at the request and direction of the said Charlotte Soltan, expressed in writing, signed by her or by her authority, bargain, sell, mortgage, convey, lease, rent, or otherwise dispose of said premises, or any part thereof, and will pay over to her the rents, issues, profits, and proceeds thereof, in such manner as she shall, in writing, direct or request. And that the said Henry Hilker will, at the death of the said Charlotte Soltan, convey or dispose of the said premises, or such part thereof as may then be held by him under this deed, and all profits and proceeds thereof, in such manner, to such person or persons thereof, and at such time or times as the said Charlotte Soltan, shall, by her last will and. testament, or any other writing signed by her, or by her authority, direct or appoint ; and in default of such appointment, then that he will convey the same to her heirs or legal representatives.''

Plaintiff testified that the said conveyance was voluntary, and made to protect his family ; that the lot, at the time it was conveyed, was worth $1800 or $2000, and had an encumbrance upon it amounting to $500, which other evidence showed was subsequently paid by his wife. Some time after the deed was made, plaintiff and his wife quarreled, after which they lived separate. Charlotte, his wife, died, leaving a will, dated February 23, 1885, in which she devised all her real and personal estate in equal parts to her three children, who are the issue of the marriage between plaintiff and said Charlotte, and who are the defendants in this suit, and claim the lot in controversy under said will.

Two questions arise on the above state of facts, the first of which is, was plaintiff entitled to curtesy in the real estate conveyed tò Hilker in trust for the sole and separate use of his wife, her heirs and assigns ? The second is, did the will of his wife deprive him of such right ?

The first question is answered in the affirmative by the case of *Tremmel v. Kleiboldt*, 76 Mo. 255, affirming the judgment of the St. Louis Court of Appeals, 6 Mo. App. 549. In that case the husband conveyed to a trustee certain land for the sole and separate use of the wife, free from the control of the husband, the trustee covenanting that, on the death of the wife, he would convey or dispose of the premises to such person or persons as the wife might, by her last will and testament, or any other writing signed by her, direct or appoint, and that, in default of such appointment, he would then convey the premises to her legal heirs. The wife died without leaving a will, or any writing making an appointment, and the trustee, in pursuance of the covenant contained in the deed, conveyed the premises to her heirs. It was held that the husband was entitled to his curtesy therein.

The second question, viz., was plaintiff deprived of this right by the will of his wife devising the land to their children, is answered in the negative by Revised Statutes, section 3961, which is as follows : " Any married or unmarried woman of eighteen years of age and upwards, of sound mind, may devise her land, tenements, or any descendable interests therein, or bequeath her personal property held in her own right in possession or expectancy by her last will and testament, subject to the rights of her husband, if any, to his curtesy therein." As the husband cannot, by will, deprive his wife of her right to dower in his lands, neither can the wife, under the above statute, deprive her husband of his estate by the curtesy in her lands.

Judgment affirmed, in which all concur.