McTIGUE, *by next Friend*, v. McTIGUE, *Appellant.*

Division One, May 22, 1893.

1. **Married Woman**: SEPARATE ESTATE. A conveyance in trust for the sole and separate use of a married woman with covenants that the trustee will permit her to enjoy the premises free from her husband's control, debts, curtesy and all other interests, and that he will, under her written authority, convey the property as she may direct, and that at her death she may dispose of it as she may provide in her will, and that if she will, in writing, appoint a new trustee in place of the one named in the deed, the estate shall vest in such new trustee, vests a separate equitable estate of inheritance in the *cestuique trust*, which, on her death, descends to her legal heirs, free from the curtesy of her husband.

2. ——: ——: CURTESY. A husband is entitled to curtesy in the separate equitable estate of his wife, unless it is provided to the contrary in the deed of settlement.

*Appeal from St. Louis City Circuit Court.*—HON. D. D. FISHER, Judge.

AFFIRMED.

*John J. O'Connor* for appellant.

Curtesy depends on the common law, and is recognized by the laws of Missouri. *Tremmel v. Kleiboldt,* 6 Mo. App. 549. Under the facts in this case the appellant is entitled to curtesy in his deceased wife's real estate, and, therefore, the demurrer to the evidence of plaintiff should be sustained. Revised Statutes, 1889, sec. 8869; *Soltan v. Soltan,* 93 Mo. 307; *Tremmel v. Kleiboldt,* 75 Mo. 255; *Spencer v. O'Neil,* 100 Mo. 49; *Carr v. Dings,* 54 Mo. 95.

*Dodge & Mulvihill* for respondent.

The court was correct in refusing the instruction of appellant, and in overruling his motion for a new trial. *First.* The husband can have no curtesy in lands of the wife where it has been expressly excluded in the deed of purchase. *Second.* Hannah McTigue, by her death in 1880, never did have the legal title to said property, and it passed at once by action of law to her heir, the respondent. 1 Washburn on Real Property [5 Ed.], sec. 15, p. 176; *Bennett v. Davis,* 2 P. Wms. 316; *Cochran v. O'Hern,* 4 Watts & Serg. 95; *Morgan v. Morgan,* 5 Madd. Ch. 248–408; *Regler v. Cloud,* 14 Pa. St. 361; *Jacques v. Methodist Church,* 17 Johns. 548; *Mason v. Deese,* 30 Ga. 308; *Waters v. Tazewell,* 9 Md. 291; *Marshall v. Beall,* 47 U. S. 70; *Roberts v. Moseley,* 51 Mo. 282; 64 Mo. 511; *Tremmel v. Kleiboldt,* 6 Mo. App. 549; 75 Mo. 255.

BRACE, J.—This is an action in ejectment to recover possession of a lot in the city of St. Louis, in which the plaintiff had judgment and the defendant appeals.

Both parties claim title under Hannah McTigue, deceased, the plaintiff being the only child and heir of the said Hannah, who died intestate, and the defendant the surviving husband of the said Hannah and the father of the plaintiff.

The title of the said Hannah was acquired by the following deed: "This deed made and entered into this twelfth day of January, 1876, by and between Adolphus Meier (widower) of the city of St. Louis, state of Missouri, party of the first part, and James Halloran, of the same place, party of the second part, and Hannah McTigue, wife of John McTigue, party of the third part, witnesseth, that the said party of the first part, in consideration of the sum of. $700 to him in hand paid by said party of the third part, the receipt of which is hereby acknowledged, and the further sum of $1 to him paid by the said party of the second part, the receipt of which is hereby also acknowledged, do by these presents, grant, bargain and sell unto the said party of the second part, the following described lot or parcel of ground being and laying in the county of St. Louis, state of Missouri, to-wit: Lot numbered fourteen in block number 7, Adolphus Meier's first addition to the city of St. Louis, a plat of which is on file in the office of the recorder of deeds for St. Louis county, said lot having a front on the south line of Cozens street of twenty-five feet by a depth of one hundred and twenty-three feet to an alley of fifteen feet wide. To have and to hold the same, with all the rights, privileges and appurtenances thereto belonging, or in anywise appertaining, unto him, the said party of the second part,

his heirs and assigns forever.  In trust, however, to and for the sole and separate use, benefit and behoof of the said Hannah McTigue; and the said James Halloran, party of the second part, hereby covenants and agrees to and with the said Hannah McTigue that he will suffer and permit her, without let or molestation, to have, hold, use, occupy and enjoy the aforesaid premises, with all the rents, issues, profits and proceeds arising therefrom, whether from sale or lease, for her own sole use and benefit, separate and apart from her said husband and wholly free from his control and interference, debts and liabilities, curtesy, and all other interests whatsoever, and that he will, at any time, and all times hereafter, at the request and direction of said Hannah McTigue expressed in writing, signed by her or by her authority, bargain, sell, mortgage, convey, lease, rent, convey by deed of trust for any purpose, or otherwise dispose of said premises, or any part thereof, to do which full power is hereby given, and will pay over the rents, issues, profits and proceeds thereof to her, the said Hannah McTigue, and that he will, at the death of said Hannah McTigue, convey or dispose of the said premises, or such part thereof as may then be held by him under this deed, and all profits and proceeds thereof, in such manner, to such person or persons, and at such time or times, as the said Hannah McTigue shall by her last will and testament, or any other writing signed by her, or by her authority, direct or appoint; and the said Hannah McTigue shall have power at any time hereafter, whenever she shall, from any cause, deem it necessary or expedient by any instrument in writing under her hand and seal, and by her acknowledged, to nominate and appoint a trustee, or trustees, in the place and stead of the party of the second part above named, which trustee, or trustees, or the survivors of them, or the

heirs of such survivors, shall hold the said real estate upon the same trust as above recited; and upon the nomination and appointment of such new trustees, the estate in trust hereby vested in said party of the second part shall thereby be fully transferred and vested in the trustee or trustees so appointed by the said Hannah McTigue, and the said Adolphus Meier hereby covenants to warrant and defend the title to the said real estate against the lawful claims of all persons whosoever except all taxes, special or general for the year 1876, and the said party of the second part covenants faithfully to perform and fulfill the trust herein created. In testimony whereof the said parties have hereunto set their hands and seals the day and year first above written."

The plaintiff, who is a minor suing by her next friend, the said James Halloran, trustee in said deed, claims the right to the possession of the premises as the only child and heir-at-law of her mother. The defendant is in possession and has been ever since the death of his wife, and claims as tenant by the curtesy.

There can be no doubt that by the terms of the deed an equitable estate of inheritance was vested in the said Hannah, which upon her death intestate, descended to the plaintiff as her only heir-at-law, and that such estate was her separate equitable estate. It is also well settled law in this state that the husband is entitled to curtesy in the equitable estate of the wife of which she died seized, although such estate was limited to her separate use. *Alexander v. Warrance*, 17 Mo. 228; *Baker v. Nall*, 59 Mo. 265; *Tremmel v. Kleiboldt*, 75 Mo. 255; 6 Mo. App. 549; *Soltan v. Soltan*, 93 Mo. 307; *Spencer v. O'Neill*, 100 Mo. 49.

Such seems to be law generally in this country, except in those states where the estate of curtesy has

been abolished by statute. Tiedeman on Real Property [2 Ed.], sec. 105. And while "it is not competent at common law, in the grant to a woman of an estate of inheritance, to exclude her husband from his right of curtesy, a like rule does not prevail in equity, where an estate may be so limited as to give the wife the inheritance and deprive the husband of curtesy if the intent of the devisor or settlor be express." 1 Washburn on Real Property [5 Ed.], page 176, sec. 15; 4 American and English Encyclopedia of Law, p. 965, note 3. As such was the evident intention expressed in the foregoing deed, the defendant's curtesy was barred, and the judgment of the circuit court so holding is affirmed. All concur, except BARCLAY, J., absent.