McBREEN, Appellant, v. McBREEN, et al.

**Division Two, February 20, 1900.**

1. **Curtesy:** SEPARATION: ESTOPPEL. A contract between husband and wife, whereby she accepted the household furniture and $1,000 and released his estate from all claim for dower, and he took the furniture of one room, and each party absolved the other from all obligations as husband and wife, is not enforcible at law, but having been rigidly performed by both parties, it can be pleaded as a complete equitable estoppel by her children in a suit by him after her death to recover curtesy in real estate, which after the separation, she had acquired with her own means, although it was not her separate equitable estate.

2. ———: ———: RELINQUISHMENT. A husband and wife may contract for the relinquishment of her dower right in her husband's lands in consideration for a tract of land deeded by him to her. And a husband may make a like contract with his wife in respect to his interest by the curtesy in land which she may at the time own or may afterwards acquire. (Overruling Shaffer v. Kugler, 107 Mo. 58.)

3. ———: ———: ———: RENTS, ETC. A deed to a married woman, acquired by her own means, was by the granting clause "to her sole and separate use, free and clear of any and all marital rights of her present husband or any husband she may hereafter have." *Held* that this deed not only secured to her the rents, issues and profits in her lifetime, but in plain and explicit words deprived her then "present husband" of all curtesy in the land after her death. Curtesy is a marital right.

Appeal from Jackson Circuit Court.—*Hon. E. L. Scarritt,* Judge.

AFFIRMED.

*Thos. F. Gatts* for appellant.

(1) It is the settled law of this State that the husband is entitled to curtesy in all estates of inheritances of which

the wife dies seized either at law or in equity, and the limitation of estates to the sole and separate use of the wife will not debar the husband from curtesy, as such limitations necessarily terminate upon the death of the wife. Alexander v. Warrance, 17 Mo. 228; Tremmel v. Kleiboldt, 75 Mo. 255; Soltan v. Soltan, 93 Mo. 307; Watts v. Ball, 1 P. Williams 108; Parker v. Carter, 4 Hare 400; Follet v. Tyes, 14 Sim. 125; Appleton v. Rowty, 8 Law Rep. Eq. Cases, 139; Mullany v. Mullany, 4 N. J. Eq. 16; Cushing v. Blake, 30 N. J. Eq. 689; Nightingale v. Hidden, 7 R. I. 120; Steadman v. Palling, 3 Atk. 423; Morgan v. Morgan, 5 Madd. 410; Lowry v. Steele, 4 Ohio 170. (2) The wife by no contract or act of her own or by will can defeat the husband's estate by the curtesy no more than the husband can defeat dower. Soltan v. Soltan, 93 Mo. 307; R. S. 1889, sec. 3961. (3) The clause in the deed in question was simply the act of the wife, in purchasing the property, to have the title vest in her free from the control of her husband, and for her sole and separate use. This limitation, if it could have any effect under the authorities above cited, died with the wife. For under the deed in question, it was the intention of the grantor to convey a fee simple title, and the rule is that a grantor can not by any conditions in a deed limit the estate conveyed to less than an estate in fee simple when the purpose of the deed, taken as a whole, is to convey a fee simple estate. Riner v. Mansfield, 96 Mo. 394. (4) The estate by curtesy in Missouri, is controlled by the common law. Alexander v. Warrance, 17 Mo. 288. And at common law this estate was incident and dependent upon the nature of the wife's estate, not upon the kind of instrument creating the wife's estate, but a matter of legal effect from the instrument. So that at common law, where the wife died seized of an estate in lands, either at law or in equity, the estate by the curtesy attaches, notwithstanding the rents and profits are to be paid to her separate use during

the coverture, and the receipt of the rents and profits have been held a sufficient seizure in the wife. 4 Kent's Com. (12 Ed.), pp. 31, 32, 33; Powell v. Gossam, 18 B. Mon. 179; Payne v. Payne, 11 B. Mon. 138; McTague v. McTague, 116 Mo. 139; Appleton v. Rowley, 8 Law. Rep. Eq. 139; Mullany v. Mullany, 4 N. J. Eq. 16; Turner v. Shaw, 96 Mo. 22; Blank v. Nohl, 112 Mo. 159.

*Powell & Powell* for respondents.

(1) This contract, although between husband and wife, will be enforced in equity. While not enforcible at law yet the principle is well established that a court of equity will enforce a contract between them. McCorkee v. Goldsmith, 60 Mo. App. 475; Hiltenbrandt v. Robetsch, 62 Mo. App. 437; McCubbin v. Patterson, 16 Md. 176. Especially is this true when she has fully performed her part of the contract as Ann McBreen did in this case in releasing her dower and giving up to him her homestead. Walker v. Owen, 79 Mo. 570. (2) A husband may waive his marital rights. DeHatre v. DeHatre, 50 Mo. App. 1; Hart v. Leate, 104 Mo. 315; Botts v. Good, 97 Mo. 88. By this agreement they settled all matters of property between them for all time and absolved and released each other "from any and all obligations toward each other by reason of their relation as husband and wife," and plaintiff thereby waived all his marital rights. (3) The question for the court in this case is: Are the words used in both the granting and habendum clause of the deed to Ann McBreen "free and clear of any and all marital rights of her present husband or any husband she may have hereafter," sufficient to show intent to exclude curtesy? The "marital rights" of a husband are all rights which come to him by virtue of the marriage. Curtesy is, therefore, a right which accrued by virtue of the marriage and is a marital right. These words "any

and all marital" rights are broad and sweeping and show the intent to bar plaintiff absolutely from any marital right, including that of curtesy which came to him by virtue of the marriage.    McTigue v. McTigue, 116 Mo. 138; Speidel's Appeal, 107 Pa. St. 18; Rigler v. Cloud, 14 Pa. St. 363; Haight v. Hall, 74 Wis. 152; Stokes v. McKibben, 13 Pa. St. 267; Bennet v. Davis, 2 P. Williams, 316; Holmes v. Liptrot, 8 Ga. 279, 280; Cochran v. Hearn, 4 Watts & S. 95.

BURGESS, J.—This action is ejectment for the possession of a city lot in Kansas City.    The petition is in the usual form.    The answer avers that defendants are the children and only heirs at law of Ann McBreen, deceased, who was plaintiff's wife, and that long before she acquired the property in question she and plaintiff being unable to longer live together because of disagreements they agreed in writing to separate, she agreeing to relinquish her dower in several lots which he then owned in Kansas City, and he to pay her one thousand dollars in money, give her all the household and kitchen furniture, except a small portion thereof, in consideration for which and upon the performance of the provisions of said agreement the said plaintiff and the said Ann McBreen were absolved from any and all obligations toward each other by reason of their relation as husband and wife, and that the parties released each other from any and all obligations by reason of their marriage.    That each party complied with the terms of the agreement, and thereafter lived separate and apart from each other.    That thereafter said Ann acquired the lot in question by purchase, etc.

The case was tried by the court, a jury being waived, upon the following agreed statement of facts.    That John McBreen and Ann McBreen were husband and wife and that the defendants are their only children.    That John and Ann McBreen, finding it impossible to live together in peace and harmony, did on the 28th day of February, 1890, enter into

an agreement in writing, by which it was agreed that John should pay his wife Ann the sum of one thousand dollars in cash, in consideration for which she was to join him in deeds of conveyance, and relinquish her dower in certain other lands which he then owned, and might wish to convey to other parties. The wife was to have all of their household and kitchen furniture, except the furniture of one room, which the husband was to have. It was also agreed that thereafter the parties were to live separate and apart, and absolve each other from all obligations toward each other as husband and wife. That on the 12th day of November, 1891, Ann McBreen, purchased for the price of $1,100, from Joseph B. Ganghoff, the lot in question, who executed to her a warranty deed in which it is stated that said Ganghoff in consideration of $1,100 to him paid by Ann McBreen, "does by these presents grant, bargain and sell, convey and confirm unto Ann McBreen, to her sole and separate use, free and clear of any and all marital rights of her present husband or any husband she may have hereafter, and her heirs and assigns, the following described real estate situate in Jackson county, Missouri, to-wit, all of lot 23, block one, in Graham's addition to Kansas City. To have and to hold the premises aforesaid, with all and singular the rights, privileges, appurtenances and immunities, to her sole and separate use, free and clear of any and all marital rights of her present husband or any husband she may have hereafter."

Both parties complied with· the agreement on their respective parts, Mrs. McBreen, receiving the thousand dollars, and the furniture from her husband, and relinquishing by deeds her dower interest in all the lands which he then owned and conveyed to other parties, and he receiving the furniture of one room. The agreement also showed that Mrs. McBreen took possession of said lot at the time of her purchase, and with the defendants remained in possession thereof, until her death on May 23, 1895, and that defend-

ants have been in possession ever since. That the value of the monthly rents and profits of said lot is eleven dollars per month. That John McBreen, and his wife Ann, were never divorced.

It was said in Tremmel v. Kleiboldt, 75 Mo. loc. cit. 258, that: "It is well settled that the husband is entitled to curtesy in all estates of inheritance of which the wife dies seized, either at law or in equity. As to equitable estates, actual possession by the wife, or the receipt by her of the rents, issues and profits, or possession by a trustee for her benefit, is equivalent to legal seizin, and the limitation of such estates to the sole and separate use of the wife, will not debar the husband from curtesy, as such limitation necessarily terminates upon the death of the wife." Citing Alexander v. Warrance, 17 Mo. 228; Baker v. Nall, 59 Mo. 265; Lewin on Trusts, 622; Watts v. Ball, 1 P. Will, 108; Parker v. Carter, 4 Hare 400; Morgan v. Morgan, 5 Mad. 408; Follett v. Tyrer, 14 Sim. 125; Appleton v. Rowley, 8 Law. Rep. (Eq. Cas.) 139; Mullany v. Mullany, 4 N. J. Eq. 16; Cushing v. Blake, 30 N. J. Eq. 689. The same rule is announced in Soltan v. Soltan, 93 Mo. 307, and in Woodward v. Woodward, 148 Mo. 247.

It must thence follow that plaintiff is entitled to the possession of the property in question, as tenant by the curtesy, unless by the terms of the deed from Ganghoff to Mrs. McBreen or of the agreement made between him and his wife on February 28, 1890, he is debarred from claiming curtesy in his wife's real estate.

That such a contract as the one between plaintiff and his wife Ann McBreen, is not enforcible at law is too well settled for discussion, but it does not for that reason follow that it may not be successfully interposed as an equitable defense to an action brought, as in the case in hand, in disregard of its terms and conditions.

The contract between the plaintiff and his wife recites

that "finding it impossible to live together in peace and harmony, and deeming it to their mutual interest to separate, and live separate and apart, and it. being mutually desirous to settle all matters of property between them, etc......And it is further mutually agreed that upon the performance of this agreement the said parties hereto shall be absolved from any and all obligations toward each other by reason of their relation as husband and wife, and the said parties hereto hereby release each other from any and all obligations by reason thereof."

The parties complied literally with the terms of the contract, plaintiff's wife, Ann, joining with her husband in the deeds to the property which he thereafter conveyed away and relinquished her dower in all the real property which he owned at the execution of the contract.

The covenants in the agreement were for the mutual benefit of both parties, and were acted upon by them. Ever after the execution of the agreement the parties lived apart, and the plaintiff was relieved of his wife's support, and upon no principle of equity or good conscience should he now be permitted to have possession of the property as tenant by the curtesy, which she afterwards acquired with her own means, although it was not her equitable separate estate.

By the terms of his own deliberate and solemn covenants he should be estopped, for otherwise it would be the grossest injustice, to prevent which the doctrine of estoppel may be invoked. [Wallace v. Bassett, 41 Barb. 92.] It would be hard to find a case in which the claim of property is so inconsistent with honesty and fair dealing, as is the plaintiff's in this—and if the doctrine of equitable estoppel should be applied in any case it should in this.

While it was not expressly so decided in Halferty v. Scearce, 135 Mo. 428, there is an implied recognition in that case of the right of husband and wife to contract for the relinquishment of her dower right in her husband's land in

consideration for a tract of land deeded by him to her, and if a wife can make such a contract with her husband, with respect to her dower, it is difficult to see why a husband may not make a similar contract with his wife in respect to his interest by the curtesy, in land which she then owns or which she may afterwards acquire.

In that case SHERWOOD, J., said: "The above case necessarily gives tacit recognition to the idea that a wife possessed of a mere dower right in her husband's land may so contract with him as to make valid a conveyance to her of a tract of his land in consideration of the concurrent relinquishment by her of her dower right in another tract of her husband's land; such relinquishment constituting a consideration for such conveyance to her. This has been the settled law of this State ever since Caldwell v. Bower, 17 Mo. 564. See, also, Woodson v. Pool, 19 Mo. 340. To the same effect is Novelty v. Pratt, 21 Mo. App. 171. Elsewhere this doctrine finds ample support." Citing, Bullard v. Briggs, 7 Pick. 533, and cases cited; Garlick v. Strong, 3 Paige Ch. 440; William and Mary College v. Powell, 12 Gratt. 373; Clerk v. Nettleship, 2 Levinz, 148. He then reviews at considerable length a large number of authorities, to-wit, Livingston v. Livingston, 2 Johns. Ch. 537; 2 Kent's Com. (14 Ed.) 166; Gosden v. Tucker's Heirs, 6 Munf. 1; Wormley v. Wormley, 98 Ill. 544; Holloway v. Holloway, 103 Mo. 274; Kesner v. Trigg, 98 U. S. 50; McCann v. Letcher, 8 B. Mon. 320, which clearly show that a married woman may make a contract with her husband in regard to her real property, to which she is seized in fee in her own right which a court of equity will enforce, notwithstanding it is not her separate equitable estate. The rule announced in Shaffer v. Kugler, 107 Mo. 58, is not supported by a single authority, either court or text writer, and is directly opposed to the earlier case of Holloway v. Holloway, 103 Mo. 274, as well as the other case heretofore cited from the

17th Mo. decisions, in which it was held that a wife holding a homestead estate could validly contract in equity with her husband with respect thereto. The transaction between the husband and wife in that case occurred in 1884.

Since writing the above I have found the following decisions of this court, which sustain the views which I have expressed: Tillman v. Estate of Tillman, 50 Mo. 40; Chapman v. McIlwrath, 77 Mo. loc. cit. 46; Sloan v. Torry, 78 Mo. loc. cit. 626. The Shaffer v. Kugler case should be overruled.

It also appears from the express terms of the deed from Ganghoff to Ann McBreen that her husband was excluded from all marital rights in the property in question.

That the general doctrine is correctly stated in Tremmel v. Kleiboldt, *supra*, we think there can be no doubt, but in that case and in Alexander v. Warrance, *supra*, Baker v. Nall, *supra*; Soltan v. Soltan, *supra*, and Woodward v. Woodward, *supra*, the deeds simply granted a separate estate to the wife and did not attempt to deprive the husband of his curtesy. Indeed it is the prevailing doctrine in England and the United States that it is not competent at common law in a grant to a woman of an estate of inheritance to exclude her husband from his right of curtesy, but it is equally well settled that in equity an estate may be so limited as to give the wife the inheritance and by words clearly denoting that intention to exclude and deprive the husband of curtesy. [Tiedeman on Real Prop. (2 Ed.), sec. 105; 1 Washburn on Real Prop. (5 Ed.), p. 176, sec. 15; McTigue v. McTigue, 116 Mo. 138; Grimball v. Patton, 70 Ala. loc. cit. 635; Rigler v. Cloud, 14 Pa. St. 361; Pool v. Blakie, 53 Ill. 495; Haight v. Hall, 74 Wis. 152.]

It is agreed that the words of exclusion must clearly indicate an intention to deprive the husband of his curtesy. [Steadman v. Palling, 3 Atk. 423; Morgan v. Morgan, 5 Maddocks, 410; Mullany v. Mullany, 3 Green's Ch. 16;

Dubs v. Dubs, 31 Pa. St. 149.]   With the common law thus settled let us recur now to the deed under which plaintiff asserts a right to curtesy in his wife's land.

The granting clause is "to her sole and separate use, free and clear of any and all marital rights of her present or any husband she may have hereafter."

Now it is clear that curtesy is a marital right.   It is an estate conferred by the law, not by grant, as an incident of marriage.   No right growing out of marriage can better be denominated a marital right.   This deed then secured to Mrs. McBreen not merely the rents, issues and products in her lifetime of this land but in plain, clear, explicit words deprived her husband of any and all marital rights.   Can it be doubted that the deed itself was intentionally so limited to deprive plaintiff of an estate by curtesy in this land?   I think most clearly not.

And it is entirely permissible to consider the then existing relations of the parties and the contract read in evidence, in pursuance of which Mrs. McBreen not only agreed but actually relinquished by proper deeds all her dower interest in his lands.

The judgment should be affirmed, and it is so ordered. *Gantt, P. J.,* concurs, in a separate opinion.   *Sherwood, J.,* concurs in the opinion.

#### SEPARATE OPINION.

GANTT, P. J.—I concur in affirming the judgment on the grounds that the deed to Mrs. McBreen in my opinion clearly excludes the curtesy of her husband, but I dissent from so much of the opinion as criticises and seeks to overrule the decision of the Court in Banc in Shaffer v. Kugler, 107 Mo. 58.