S. Florence Keyte et al., Respondents, v. J. M. Peery, Appellant.

Kansas City Court of Appeals, April 11, 1887.

1. Homestead—Law of 1874 Before Amendment—Case Adjudged. · By the statute of 1874, relating to homestead, if the husband died leaving a widow *only*, the homestead vested in her solely and absolutely ; if he left *minor children* only, the homestead vested in them till their majority ; if he left *both* widow and children, the homestead vested in them *jointly* till the children became of age, and then *absolutely* in the widow, or her heirs. *Held*, that this statute only gives a homestead by *succession* when it is owned by · the husband.

2. ——— Married Woman Owning Land by General Title—Occupied As.—If a married woman own land by general title, occupying it as a homestead, and dies, leaving a husband and minor children, there is no provision of law for the continuation of the homestead in either the husband or children. Homestead succession has nothing to uphold it but the force of *positive statute law.* Instances of homestead secured to a person *while living* as head of a family, but not carried, by succession, to family after death, are limited to the statute provisions.

3. Curtesy—Husband's Estate by—Laws of Missouri Concerning. The husband's estate by the curtesy, is an estate recognized by the laws of Missouri.

Appeal from Chariton Circuit Court, Hon. G. D. Burgess, Judge.

*Reversed.*

Statement of case by the court.

This suit was brought by plaintiffs in the circuit court of Chariton county, to compel defendant to render an account of rents and profits received, arising from his wrongful occupation of, and use of, lot one (1), in block seven (7), in Thompson's addition to the city of Brunswick, and for all proper relief.

The petition of plaintiffs is as follows:

"Plaintiffs state that Harry Keyte, who is a minor and sues by his next friend, Joseph T. Keyte, duly appointed for that purpose, and S. Florence Keyte, are the sole heirs of Mary Keyte, deceased, late wife of John A. Keyte, one of the above named defendants; that said Mary Keyte was the owner in fee-simple of the following described real estate, to-wit: All of the north lots in block seven (7), in Thompson's northern addition to the city of Brunswick, Missouri, upon which, at the time of her death, there was situated a dwelling house, and out-houses, and all of which were worth less than fifteen hundred dollars, and, at the time of her death, was occupied by said Mary Keyte, and her family, as homestead; that said Mary Keyte died intestate on the twenty-fifth day of May, 1869, leaving, at the time of her death, surviving her, five children, namely, these plaintiffs and Louis P. Keyte, an infant, under one year of age, who died August, 1869, and James Keyte, who died September, 1877, and Ella Keyte, who died April, 1882; all died intestate, and leaving no other heirs surviving them than plaintiffs and John Keyte, one of the above named defendants, who is father of said children aforesaid; that the defendants, Jasper M. Peery and John A. Keyte, in fraud of plaintiffs' rights, agreed, conspired and confederated to deprive plaintiffs of their rights to hold, possess and enjoy the occupation and use of said premises, as heirs and minor children of said Mary Keyte, deceased, and under color of pretended purchase of said premises, made by said defendant, Jasper M. Peery did, on or about the ——— day of October, 1876, wrongfully take possession of said premises, and has, continuously since said day, kept and held possession thereof, and exercised full control thereof, by renting or leasing the same to divers parties, and collected all rents therefor and applied the proceeds to his own use and benefit, and refuses to render an account thereof to plaintiffs, and to pay over to plaintiffs such money as is due to

them. Plaintiffs further state that the rental value of said premises is the sum of ten dollars per month for each month since defendant took possession thereof.

"Plaintiffs further aver and allege that said pretended purchase and subsequent exercise of exclusive ownership over said premises by defendant, Jasper M. Peery, was, and still is, in fraud of plaintiffs' rights. Plaintiffs, therefore, pray the court to require defendant, Jasper M. Peery, to render an account of the proceeds by him collected and benefits received as rent for said premises, and that they have judgment against defendant, Jasper M. Peery, for such sum of money as may be found due to them, and that this court appoint a suitable person as receiver, to take charge of said premises and render an account of rents and profits, etc., and for such further orders, decrees and judgments as the court may deem right and proper and meet in the premises."

Defendant, Keyte, was not brought into court, and defendant, Peery, by his separate answer, set up that John A. Keyte, as surviving husband, had a curtesy in said real estate, and that he now owned it by purchase, at execution sale, enforcing a mechanic's lien. It was conceded the sheriff's deed, under which defendant, Peery, held possession, was void.

The case was referred for hearing and accounting to a referee, who made his report and finding to the court, the latter being that Mary J. Keyte, wife of John A. Keyte, at the date of her death, on May 25, 1869, was the owner in fee of said lot 1, block 7, Thompson's addition to the city of Brunswick, and with her husband and her children, was, at the time of her death, occupying the same as her home; that she left surviving her, her husband, John A. Keyte, and the following minor children: L. P. Keyte, James Keyte, Ellen Keyte, Henry Keyte, and S. Florence Keyte; that all said children afterwards died, before the bringing of this suit, except S. Florence Keyte, and Henry Keyte, and

that said John A. Keyte is still living; that J. M. Peery purchased said property at execution sale and received a sheriff's deed therefor; that said judgment was null and void, and that, afterwards, in 1876, said Peery took possession of said premises, renting the same, and then the referee reports his accounting of the rents and profits, and finds the sum of one hundred and seven dollars due plaintiffs, after deducting repairs, taxes, etc., from the rents and profits.

Appellant, in due time after the filing of said report, filed his exceptions to said report.

KINLEY & WALLACE, for the appellant.

I. The report of the referee should not have been confirmed, because it did not disclose *the ages of plaintiffs*, and hence the report did not comply with the order of the court to report the evidence. The ages of said plaintiffs were *absolutely material* to fix the liability of appellant, as it is certain he would not be liable to them *after their majority*.

II. The *title* to the homestead being in the wife, it was *subject* to the possession of the husband, the survivor during his lifetime; that is, if the real estate of the wife is converted into a homestead by the residence of the husband and family therein. *Cotton v. Wood*, 25 Iowa, 43; *Burns v. Keas*, 21 Iowa, 257; *Dodds v. Dodds*, 26 Iowa, 311; *Johnson v. Burt*, 49 Cal. 190.

III. The fact that John A. Keyte and wife *lived* with their family in the wife's property does not make the wife *the head of the family nor housekeeper*, and unless she was one of these she does not *come within* the statute of homesteads. Statutes, 1865, Homestead; Rev. Stat. 1879, title, Homestead; *Neal v. Sawyer*, 62 Ga. 352; *Kenley v. Huddleson*, 99 Ill. 493.

IV. The tenancy, by *the curtesy*, of John A. Keyte in the real estate of the deceased wife is superior to the rights of the children of the parties, viz: the deceased wife and surviving husband. *Porch v. Fins*, 18 N. J.

Eq. 204; *Breeding v. Davis*, 77 Va. 639; 46 Am. Rep. 740. The uniform ruling of the supreme court of this state has been that the husband, during the life of the wife, by virtue of his marital rights, was entitled to the *possession* of the wife's interest in real estate; and also after her death he was so entitled as tenant by *the curtesy. Cooper v. Ord*, 60 Mo. 420; *Bledsoe v. Sims*, 53 Mo. 365; *Hughes v. Pierce*, 49 Mo. 441; *Wilson v. Garahty*, 70 Mo. 517; *Gray v. Dryden*, 79 Mo. 106; *Alexander v. Warrane*, 17 Mo. 229; *Moore v. Ivers*, 83 Mo. 29.

L. Benecke and A. W. Mullins, for the respondents.

I. The report of the referee was properly confirmed. The fact that it failed to report the ages of plaintiffs is immaterial, as plaintiffs' rights to rents and profits did not cease at becoming of age, being the legal owners of the premises, and entitled to the possession even after the homestead rights had ceased.

II. The *title* of the homestead may be in the wife and yet be a *homestead*, she being a *housekeeper*, and with her family occupied it as a homestead, and having all the legal requisites in other respects. Thompson on Homesteads, 220–24; *Orr v. Schraft*, 22 Mich. 260; *Crane v. Waggoner*, 33 Ind. 83; *Tourville v. Pierson*, 39 Ill. 446, 453; *Partee v. Steard*, 50 Miss. 717; *Murrey v. Sells*, 53 Ga. 257; *Dwinell v. Edwards*, 23 Ohio St. 603.

III. The *tenancy by the curtesy* (of John A. Keyte in the real estate of the deceased wife, it being the homestead) in this state is subordinate to homestead rights; and the contrary doctrine, as held in *Breeding v. Davis* (77 Va. 639; 46 Am. Rep. 740), cited by defendant, is based upon the *peculiar statute* of that state, which is as follows: " Provided, that nothing contained in this act (homestead) shall be construed to deprive the husband of curtesy in the wife's real

estate to which he may be entitled by the law now in force." *Plate v. Koehler*, 8 Mo. App. 398.

IV. Whenever *minor children* are deprived of their homestead, the occupant of the homestead is responsible to such children for rents and profits which can be recovered, notwithstanding the homestead is abandoned by one jointly entitled to its occupancy (widow). *Harman v. Bynum*, 40 Tex. 324. Under the homestead law, in force at the death of Mary J. Keyte on the twenty-fifth day of May, 1869, the minor children took and held an *absolute title during their minority* in the homestead, to the exclusion of all other claims, and these substantive rights of the children in such homestead *cannot be divested* by an act of the parent, creditor, or probate court. *Skouten v. Wood*, 57 Mo. 380; *Plate v. Koehler*, 8 Mo. App. 396; *Rhorer v. Brockhage*, 86 Mo. 544; *Kochling v. Daniel*, 82 Mo. 54; *Roberts v. Ware*, 80 Mo. 363; *Canole v. Hurt*, 78 Mo. 649; *Harman v. Bynum*, 40 Tex. 324.

V. The homestead act (Gen. Stat. Mo., 1865, sect. 1, ch. 11) provides who shall be entitled to homestead. It *expressly* includes every *housekeeper*, and its provisions are not *limited* to the head of the family only, and the homestead rights attach to the dwelling house and lot owned by a married woman, occupied by herself, her husband and her children. See Webster's Dict. and Bouvier's Dict., as to definition of housekeeper.

ELLISON, J.—From the statement in this case it will be seen that the contest here is as to the rights of the parties under the statute of homesteads and the law of estates by the curtesy. If the land was plaintiffs' homestead, they are entitled to recover. If it is the property of John A. Keyte, the surviving husband, as tenant by the curtesy, they have no right to recover. Though it is conceded that defendant, Peery, obtained no right to the property by his purchase at the sheriff's sale, yet, if the estate belonged to the surviving husband as tenant

by the curtesy, the plaintiffs have no title upon which to base their action, and the judgment rendered by the trial court is without legal support.

Mrs. Keyte died prior to the amendment of the homestead law in 1874, and, in consequence, the statute unamended applies. By that statute if the husband died leaving a widow only, the homestead vested in her solely and absolutely. If he left minor children only, the homestead vested in them till their majority. If he left both widow and minor children, the homestead vested in them jointly till the children became of age, and then absolutely in the widow or her heirs. *Skouten v. Woods*, 57 Mo. 380.

The contention here is, that the real estate vested in plaintiffs till they became of age.

The homestead is reserved for the head of a family, and, ordinarily, would cease with the life of the head of the family. It descends to others only by force of section 5, page 450, Revised Statutes, 1865 (now Rev. Stat., 1879, sect. 2693). That section is as follows :

"Sect. 5. If any such housekeeper or head of a family shall die, leaving a widow or any minor children, his homestead, to the value aforesaid, shall pass to and vest in such widow or children, or if there be both, to such widow and children, without being subject to the payment of the debts of the deceased, unless legally charged thereon in his lifetime; and such widow and children respectively, shall take the same estate therein of which the deceased died seized ; *provided*, that such children shall, by force of this chapter, only have an interest in such homestead until they shall attain their majority," etc.

This statute only gives a homestead by succession when it is owned by the husband. This is the evident meaning of the statute. The homestead descends when the housekeeper or head of a family shall die, leaving a *widow* or any minor children. *His* homestead " shall vest in such *widow*" without being subject to the pay-

ment of debts of the deceased unless charged in *his* lifetime. The section is susceptible of but one meaning. If a married woman own land by general title, occupying it as a homestead, and die, leaving a husband and minor children, there is no provision of law for the continuation of homestead in either the husband or children. Homestead succession has nothing to uphold it but the force of positive statute law. The right depends for its existence upon the provisions of the written law, having never been recognized by the common law. If we were left to the first section of the homestead law, Statutes 1865 (Rev. Stat., 1879, sect. 2689), the homestead right therein vouchsafed to the housekeeper or head of a family would end with the life of the owner. Its continuation after the decease of the owner is by force of section 5, Revised Statutes, 1865, (Rev. Stat., 1879, sect. 2693), and that section, as we have seen, only continues it in case of the death of the husband.

There are a variety of instances in which a homestead is secured to a person while living, as being the head of a family, which is not carried by succession to the family after the death of the owner. A brother may hold a homestead by reason of having living with and supporting his dependent brothers and sisters. An unmarried son may hold property exempt, by reason of his mother living with him and depending upon him for support; yet it would not be pretended, upon the death of either of these, the homestead right continued, in the mother in the one case, or in the brothers and sisters in the other, for the simple reason that the statute nowhere creates such right.

There is a reason which may have actuated the legislature in providing a homestead right for the children, only in case of the father's death. It is known and recognized that children are left in a much more helpless condition by the death of the father than of the

mother, and stand in much greater need of the care and protection of the law.

It follows, therefore, that, on the decease of Mrs. Keyte, whatever homestead right existed, ceased, and plaintiffs took no interest therein under the homestead law. Thus nothing stood in the way of the husband's curtesy and estate recognized in Missouri.

The judgment is reversed. The other judges concur.