HAIGHT and another, Appellants, vs. HALL and others, Respondents.

*March 15 — April 25, 1889.*

*Curtesy: Deed to married woman construed.*

Land was conveyed to a married woman "to have and to hold . . . to her sole and separate use, free from the interference or control of her said husband, or any husband, and her heirs and assigns, to her and their only proper use and benefit forever." *Held*, that upon the death of the grantee her husband did not become tenant by the curtesy in the premises.

APPEAL from the Circuit Court for *Winnebago* County.

Ejectment. The plaintiffs are the children and heirs at law of Selina B. Haight, deceased, the first wife of one Augustus Haight. The defendant Sophia L. Hall was the second wife of said Augustus Haight, but was divorced from him and married again. Her husband is one of the defendants. Upon her divorce from Haight, his interest in the premises in dispute was set over to her as a part of her alimony. Other facts are stated in the opinion. The plaintiffs appeal from a judgment in favor of the defendants.

*C. W. Felker*, for the appellants, cited, besides cases referred to in the opinion, *Stokes v. McKibben*, 13 Pa. St. 267; *Hearle v. Greenbank*, 1 Ves. 298; *Bennet v. Davis*, 2 P. Wms. 316; *Rigler v. Cloud*, 14 Pa. St. 361; *Beecher v. Hicks*, 7 Lea, 207–9; 1 Cruise Dig. 150, sec. 19; Devlin on Deeds, sec. 848.

For the respondents there was a brief by *Weisbrod, Harshaw & Nevitt*, and oral argument by *A. W. Weisbrod*. They contended, *inter alia*, that if the language of the grant is definite, and that of the *habendum* is clearly repugnant thereto, the *habendum* yields to the terms of the grant. 3 Washb. Real Prop. 613; *Farquharson v. Eichelberger*, 15 Md. 63; *Budd v. Brooke*, 3 Gill, 236; *Nightingale v. Hidden*, 7 R. I. 115. Curtesy is a legal incident of the wife's estate of inheritance, and is a right favored in the law, and a husband will not be excluded from rights in the property of the wife springing from the marital relation, except by words that leave no doubt of the intention to do so. *Massey v. Parker*, 2 Mylne & K. 174–81; *Mullany v. Mullany*, 4 N. J. Eq. 18; *Cushing v. Blake*, 30 id. 697; *Nightingale v. Hidden*, 7 R. I. 120; *Steadman v. Palling*, 3 Atk. 423; *Morgan v. Morgan*, 5 Madd. 410; *Carter v. Dale*, 3 Lea, 710; *Ege v. Medlar*, 82 Pa. St. 100. It is a disputed question whether a husband can be deprived of the interest which the law gives him in the realty of his

wife, even by the express terms of the conveyance to her. 1 Washb. Real Prop. 133; *Mildmay's Case*, 6 Rep. 41; *Mullany v. Mullany*, 4 N. J. Eq. 18. The husband's estate by the curtesy will arise in him at the time of the death of his wife, though the limitation to her is for her sole and separate use, exclusive of any interest, interference, or control of her husband. *Mullany v. Mullany*, 4 N. J. Eq. 16; *Cushing v. Blake*, 29 id. 399, and cases cited in note; *S. C.* 30 id. 689; *Jones v. Brown*, 1 Md. Ch. 191; *Frazer v. Hightower*, 12 Heisk. 94; *Nightingale v. Hidden*, 7 R. I. 115; *Ege v. Medlar*, 82 Pa. St. 86; *Lowry v. Steele*, 4 Ohio, 170; *Dubs v. Dubs*, 31 Pa. St. 149; *Carter v. Dale*, 3 Lea, 710; 1 Bouv. Inst. secs. 1721–35, and cases cited; Gerard's Tit. to Real Prop. (2d ed.), 175.

Cole, C. J. In 1865, Mrs. Ann M. Paige conveyed to her daughter, Selina B. Haight, by a warranty deed, the premises in controversy. The grantee was then the wife of Augustus Haight. The deed was in the usual form, except the *habendum* clause contains this language: " To have and to hold the said granted premises, with all the privileges and appurtenances to the same belonging, to her, the said Selina B. Haight, to her sole and separate use, free from the interference or control of her said husband, or any husband, and her heirs and assigns, to her and their only proper use and benefit forever." The sole question for consideration is, Did Augustus Haight become tenant by the curtesy in the premises on the death of his wife, the grantee in the deed? On the part of the appellants it is insisted that, upon the death of their mother, they took the premises by descent, discharged from any estate by the curtesy, and that this is the only reasonable construction which can be given the clause of the deed above quoted. We are inclined to adopt this view of the case as correct.

It is a cardinal rule in the construction of instruments

that such a construction, if possible, should be adopted which will give some effect to all the words of the instrument and render all parts operative. Now, if the tenancy by the curtesy was not cut off by the clause in the conveyance, then it is obvious that, on the death of Mrs. Haight intestate, her husband took that estate; and the language in the deed, that the grantee shall hold the premises to her sole and separate use, free from the interference or control of her husband, her heirs and assigns, *to her and their only proper use and benefit forever*, has no force whatever given to it; for, under the statute as it then and now exists, real estate conveyed to the wife during coverture became her sole and separate property, which she could hold to her sole and separate use in the same manner and with the like effect as if she were unmarried. Ch. 95, R. S. 1858. It is difficult for us to conceive of any other object or purpose the grantor had in restricting the grant to the grantee, and to her heirs and assigns, to her and their only proper use and benefit forever, free from all interference or control of the husband, unless the intention was to exclude the estate by the curtesy; for how could the husband take that estate if the use and enjoyment of the property were to belong to the grantee and heirs? He certainly could not acquire such an estate without depriving the heirs of the exclusive use which it is plainly manifest it was intended they should enjoy.

We cannot express our views on this point better than to quote the language of the court in *Pool v. Blakie*, 53 Ill. 495: "It seems to us the intention of the grantor is so plainly expressed in the deed as to place it beyond question or controversy. The intention is most clearly manifested to exclude the husband from any participation or interest in the estate granted. The expression is clear and distinct, that neither her present husband nor any future husband should have any estate in the land. It is true, the words

that the husband, present or future, shall not be tenant by the curtesy, are not used, but equivalent words are, manifesting most clearly the design and purpose of the gift that it should be placed in such a position that the creditors of her husband could not disturb her in the enjoyment of the estate. . . . This intent must be carried out by the courts, if in so doing no rule of law is violated or sound public policy disturbed." In the Illinois case the question presented was somewhat different from the one under consideration. The question there was whether the grantee took an estate for life merely, or an estate of inheritance in fee, with power of disposal by will. But still the court had to construe a clause in a deed quite similar to the one before us. The language used, therefore, is entirely applicable to the question here. See, also, *Monroe v. Van Meter*, 100 Ill. 348, where a similar question was considered.

The counsel for the respondents has referred to many cases which hold that the husband's estate by the curtesy will arise in him at the time of the death of his wife, though the limitation to her is for her sole and separate use, exclusive of any interest, interference, or control of her husband. We have examined these cases, but do not deem it necessary to comment on them, further than to add the remark that, as we understand them, it is generally a question whether the deed or will intended to exclude the husband from the curtesy. If the evident intent of the will or deed is to exclude him from such estate in the lands devised or granted, such intention will prevail. There is often doubt from the words used in the instrument what the intention was, but if it is clear and manifest it is carried into effect. The question in *Kingsley v. Smith*, 14 Wis. 360, was whether the surviving husband was entitled to an estate as tenant by the curtesy in so much of his wife's real estate as descended to her children by him, or whether it all went to the children of a former marriage, freed from such tenancy. The

court held that tenancy by the curtesy, in cases where the wife died intestate, was not abolished by ch. 95, R. S. 1858, but that the husband took an estate by the curtesy in such lands as descended to the children of the second marriage. The case is very different from the one before us.

As already indicated, we hold that the only reasonable construction of the clause in the deed is that the grantor intended to convey the premises to her daughter, discharged from the estate of tenancy by the curtesy.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded to the circuit court for a new trial.