RICHTER *et al.* v. BOHNSACK, *Appellant.*

Division Two, June 14, 1898.

1. **Homestead:** BY HUSBAND IN WIFE'S LAND. Under the statutes a husband has no homestead in his deceased wife's residence, in which he has no curtesy and no legal or equitable or marital interest of any kind. (Distinguishing *Kendall v. Powers*, 96 Mo. 142.)

2. ———: ———: RETROACTIVE LAW: WIDOWER. The act of March 2, 1895, giving the widower one half his wife's property when she dies without children or other descendants, does not override her will which took effect by her death prior to that date.

3. ———: ———: CURTESY. A husband has no curtesy in his wife's lands unless a child was born of the marriage.

*Appeal from Cape Girardeau Court of Common Pleas.*
HON. R. G. RANNEY, Special Judge.

AFFIRMED.

*J. B. Dennis* for appellant.

The sole point raised by appellant is his right to a homestead in his wife's estate. The case of *Keyte v. Perry*, 26 Mo. App. 394, expressed an opinion contrary to the contention of appellant; but in so far as that case seems to hold, that the homestead is for the wife and children or wife only, it is at variance with repeated decisions of this court. *Rhorer v. Brockhage*, 86 Mo. 545; *Canole v. Hurt*, 78 Mo. 649.

*E. D. Englemann* and *Wilson Cramer* for respondents.

GANTT, P. J.—This is an action of ejectment for a house and lot in the city of Cape Girardeau. Plaintiffs are the devisees of Mrs. Louisa Bohnsack, formerly Mrs. Westerholt, deceased, and the defendant her late husband. At the time of the death of Mrs. Bohnsack, she and the defendant resided on the lot as their homestead. No children were born of the marriage of Mr. and Mrs. Bohnsack. The husband was a widower, with one minor son and an unmarried daughter at the time of his marriage to Mrs. Westerholt. Whether these children lived with defendant at the time of the death of Mrs. Bohnsack does not appear either in his answer

or the evidence, but if they did that fact will not affect the legal phase of the case. By her last will duly probated Mrs. Bohnsack gave the lot to her sister, Mrs. Schwettman, and her brother, J. H. Richter, and $100 to her husband in full of all interest in her estate, and if he asserted any claim by way of dower or curtesy he should forfeit the $100. The sole and only question mooted by defendant is his right of homestead in the lot in question during the remainder of his life. It will be observed that, as no child was born of the marriage capable of inheriting, defendant was not entitled to curtesy, and as Mrs. Bohnsack died in December, 1894, the act of the General Assembly, approved March 2, 1895 (entitling a widower whose wife had died without any children, or other descendants in being capable of inheriting the one half of the real and personal estate belonging to her at her death absolutely, subject to debts), does not affect the question. Can the husband retain possession of the homestead against the devisees of his wife? We answer he can not. The right to a homestead depends in this State entirely upon statutory provisions. The statutes of this State nowhere give a surviving husband a homestead in the lands of his deceased wife. The case of *Kendall v. Powers*, 96 Mo. 142, is not authority for the position of appellant. In that case when the homestead right accrued, Cummins was the owner of the lots and was married. His family consisted of his wife and six children. He then conveyed the land through a third party to his wife, and continued to reside on it. His wife died and he became vested of a life estate by the curtesy. It was sought to subject his curtesy to a sale under execution, but this court decided that being the head of the family and occupying the lot in which he had a curtesy he could exempt it as by homestead. No doubt whatever can exist as to the correctness of that decision, but in

that case his homestead attached to his own interest in the land, not to his wife's. When this court said in that case that the husband as the head of the family may have a homestead in a life estate, it asserted an undeniable proposition, and when it said he might have a homestead in property the legal title to which was in the wife, it also announced a sound proposition; the authority referred to being Thompson on Homesteads, section 220, in which the author discusses cases which hold that if the husband and wife occupy the homestead, and the *legal title* is in the wife, and the equitable interest is in the husband, he can claim his exemption therein. But here there is no curtesy, and no legal, or equitable, or marital interest of any kind in the husband in this land. The statute does not give him a homestead, and the circuit court correctly ruled against his contention.

Judgment affirmed. SHERWOOD and BURGESS, JJ., concur.