Casler v. Gray.

CASLER et al. v. GRAY, Appellant.

Division Two, February 12, 1901.

1. **Curtesy:** PAYMENT OF A DEED OF TRUST ON WIFE'S LANDS. The husband's curtesy in the wife's lands is in no wise affected by the fact that there was a deed of trust on the land, to pay which, along with other debts, her administrator had the debts allowed against the estate, and then sold the land and with the proceeds released the deed of trust. In that case, the land not being sold under the deed of trust, his curtesy was not in the equity of redemption in the sum of money in excess of the debt secured, but in the land after the deed of trust was satisfied.

Casler v. Gray.

2. ———: ———: WILL. A wife can not deprive the husband of curtesy in her lands by will. If there is a deed of trust on the land, his curtesy is subject to that; if that deed of trust is satisfied by her administrator, his curtesy is not subject to the title acquired by the purchaser at her administrator's sale, made to pay her debts, even though the money used to satisfy the deed of trust was obtained by the sale of said mortgaged land to such purchaser. The purchaser in such case buys the land subject to the husband's curtesy.

3. ———: ———: ———: ESTOPPEL: TAKING UNDER THE WILL. The husband's suit for curtesy can not be barred by the fact that he is also attempting to claim under his wife's will, unless such fact is specifically pleaded as an estoppel.

4. Homestead in Wife: SALE FOR DEBTS. Where the title to the homestead is in the wife, and she dies leaving a husband who is tenant by curtesy, the land constituting the homestead may be sold, under the statute of 1889, by order of the probate court, for the payment of demands against her estate, subject to the husband's homestead or curtesy rights.

Appeal from Livingston Circuit Court.—*Hon. E. J. Broaddus,* Judge.

JUDGMENT MODIFIED AND AFFIRMED.

*L. A. Martin* for appellant.

(1) The curtesy of John H. Casler was in the equity of redemption held by his wife, Martha Casler. The sum of money that the land brought when sold, above the debt secured by deed of trust, was the equity of redemption, and in that John H. Casler had his curtesy, and not in the land paid for by defendant. Robinson v. Lakenan, 28 Mo. App. 135; Kinner v. Walsh, 44 Mo. 65; Bogart v. Bogart, 138 Mo. 419. (2) The statute only gives a homestead in succession when it is owned by the husband and not by the wife. John H. Casler had no homestead in his mother's land. "If a married woman own land by general title, occupying it as a homestead, and dies

leaving a husband and minor children, there is no provision of law for the continuation of the homestead in either the husband or children." Keyte v. Peery, 25 Mo. App. 394; R. S. 1899, sec. 3620. (3) John H. Casler's curtesy, if he had any, could not be in all the land owned by his wife, Martha Casler, but in only so much as would descend to John H. Casler, Jr. "When a wife dies intestate leaving children by a former husband, the surviving husband is entitled to an estate as tenant by the curtesy in so much of her real estate as by law would descend to her children by the second marriage." Kingsley v. Smith, 14 Wis. 360. (4) The curtesy of John H. Casler in the estate of Martha Casler his wife must be considered in connection with her will. A wife can not by will deprive her husband of his curtesy, but when certain bequests are made to the husband, he can not take under the will and retain his curtesy in the whole estate. He must accept one and waive the other. The law is now well settled, that the Married Woman's Act, passed by the different States, leaves the husband his right of curtesy in only so much of his wife's real property as at her death is undisposed of by deed or will. Hatfield v. Sneden, 54 N. Y. 280; Kingsley v. Smith, 14 Wis. 360; Martin v. Robinson, 65 Ill. 129. All of the real estate of Martha Casler was disposed of by her will, therefore John H. Casler, on taking under the will, waived his curtesy. (5) The probate court had power to sell all the right, title and interest in land in controversy. Vale v. Bryan, 19 Mo. 423; Jackson v. Magruder, 51 Mo. 55; Kaes v. Gross, 92 Mo. 647.

*Sheetz* and *Sons* for respondents.

(1) The answer is a general denial; and there is no estoppel in this record, nor any equities. (2) Defendant purchased no rights of these plaintiffs, and bought at her peril.

(3)  Plaintiff, John H. Casler, had an estate by the curtesy in the premises in suit.   1 Coke upon Littleton, chap. 4, sec. 35, 29a; 4 Kent's Commentaries (13 Ed.), star page 28. And this right is not affected by the Married Woman's Act. Williams, Real Property (17 Ed.), 375.   And can not be barred by will of his wife.   R. S. 1899, sec. 4603, p. 1099; Soltan v. Soltan, 93 Mo. 310.   The right to curtesy in this State remains as at common law, and is not affected, as by statute in some States, by the fact that the wife had children by a former marriage. 8 Am. and Eng. Ency. of Law (2 Ed.), p. 514 (2) and note 6.   Wisconsin has such a statute and the following decision relied on by appellant is not in point: Kingsley v. Smith, 14 Wis. 390.   (4) Plaintiff had a homestead in the premises in suit.   Kendall v. Powers, 96 Mo. 142. (5) The probate court had no jurisdiction to sell the homestead of Martha Casler during the lifetime of her husband or the minority of their child.   Broyles v. Cox, 153 Mo. 242; In re Powell's Estate, 57 S. W. 717.

BURGESS, J.—This is an action of ejectment for the possession of the northeast quarter of section nineteen, and also three and one-half acres off of the east side of the northeast quarter of section twenty-four, in township fifty-seven, of range twenty-four, in Livingston county.

The petition is in the usual form and the answer a general denial.   The case was tried by the court sitting as a jury, who rendered judgment in favor of plaintiff for the possession of the land, and $137.50 damages.   Defendant appeals.

The case was submitted in the court below upon the following agreed state of facts:

"It is admitted that Martha Casler, formerly Martha J. Reeves, is the common source of title, and that she departed this life in Livingston county, Missouri, April 13, 1893. That

the plaintiff John Casler, and Martha Casler, formerly Martha J. Reeves, were married July 31, 1883, and that the plaintiff John H. Casler was their son, and is now living, and aged about seven or eight years. That Martha Casler, formerly Martha Reeves, bought the premises in suit September 3, 1881, and filed her deed for record in the recorder's office of Livingston county, Missouri, on November 13, 1882, and that it was recorded in book 54, at page 332. That said Martha J. Reeves took possession of said premises and occupied the same as her homestead in connection with the southeast quarter of section 19, 57, 23, west of Grand river. That at the time of her death she was occupying said premises aforesaid with plaintiff John Casler as her husband, and plaintiff John H. Casler, their infant son, which constituted their family. That defendant bought said premises at an administrator's sale of the estate of Martha J. Casler, which administrator's deed is hereby considered in evidence, subject to any and all the objections which plaintiffs may have thereto, and took possession of said premises under and by virtue of said deed on March 1, 1895, and was in possession thereof at the time this suit was brought and is now in possesion thereof. That the monthly rents and profits of said premises are $4.12. That the plaintiffs have been damaged in the sum of $137.50, for which they shall have judgment if they recover in this suit. That all the probate papers and records in the estate of Martha J. Casler in the probate office and court in Livingston county, Missouri, are considered in evidence, subject to any and all objections of either party. That the plaintiff John Casler was the husband of Martha J. Casler and is the legally appointed and duly qualified guardian and curator of John H. Casler, his infant son. That the will of Martha J. Casler may be considered in evidence. That either party may offer any other or further and additional testimony on the hearing of this

Casler v. Gray.

cause, and any further testimony can be offered by either party, and any correction of facts can be made, and all records in probate and recorder's office considered in the case."

Martha Reeves took possession of the premises and cultivated the same, and on the thirty-first day of July, A. D. 1883, married the plaintiff John Casler, by whom she had one son, the plaintiff John H. Casler, who was at the time of the trial aged seven or eight years. At the time of her death she was occupying the premises in suit as her homestead with the plaintiffs, and they constituted the family. On the eleventh day of February, A. D. 1890, plaintiff John Casler joined his wife in a deed of trust, on the premises in suit and other lands, to secure a note for $360 and interest, on which at her death there was due about $169. Said trust deed specified that on payment of $100 of the principal, the premises in suit were to be released therefrom. Said deed of trust was satisfied in full of record July 30, 1894. On February 4, 1893, there was paid on the principal of said note the sum of seventy-five dollars, which left a balance of principal and interest at that date of $169.20. Forty dollars were paid thereon on June 18, 1890; fifty-five dollars on August 2, 1890; thirty-five dollars on principal, February 2, 1891, and all interest to February 2, 1893, and the amount paid, in full, to S. McWilliams on May 14, 1894, was $185.57. Martha Casler died on April 13, A. D. 1893, leaving a will by which she bequeathed to her husband some checks that were never heard of, and the remainder of her property to the infant plaintiff and her children by the former marriage. Her estate was administered, and the premises in suit, consisting of about thirty-two acres and appraised at $250, were sold by her administrator for the payment of debts, which had accrued long after her homestead had been acquired by her, and the defendant purchased the same at said sale, and took possession thereof on March 1, 1895, and

Vol 159 mo—38

was in possession at the time this suit was brought.    It was admitted "that the monthly rents and profits of the premises are $4.12, and that the plaintiffs have been damaged in the sum of $137.50, for which they shall have judgment if they recover in this suit."    John Casler was duly appointed guardian and curator of John H. Casler.    Both parties claim title through Martha Casler; the plaintiff, John Casler, as tenant by the curtesy, and also a homestead right for himself and son; the defendant by virtue of her administrator's deed.

It is claimed by defendant that the curtesy of John Casler was in the equity of redemption held by his wife Martha Casler.    That the sum of money the land brought when sold, above the debt secured by the deed of trust, was the equity of redemption, and in that John Casler had his curtesy, and not in the land paid for by defendant.    But this contention is untenable under the facts in this case, for the reason that the land was not sold under the deed of trust, but the debt the payment of which was secured by it, was allowed against his wife's estate, and classed as other demands, and it makes no difference that the proceeds of the sale of the land when sold by the administrator for the payment of demands allowed against the estate in pursuance of an order of the probate court, may have been applied to the payment of this debt, as it in no way affected Casler's rights as tenant by the curtesy.    The deed of trust was then satisfied, and of no effect.    If, however, the land had been sold under the deed of trust, then the curtesy of Casler would have been in the equity of redemption in the sum of money that the land brought in excess of the debt secured by it.    [Kinner v. Wash, 44 Mo. 65.]    But this, as we have seen, was not the case.

Casler's wife was seized of the land in question during their marriage, during which time a child, John H. Casler, was born to them, which created John Casler tenant by the curtesy

initiate, and upon her death he became tenant by the curtesy consummate, and entitled to the possession of the land during his life, subject, however, to the deed of trust. And his wife could not by will deprive him of his estate by the curtesy in her lands.  [R. S. 1889, sec. 8869; Soltan v. Soltan, 93 Mo. 307.]

It is also insisted, that as certain bequests were made to the plaintiff John Casler by the will of his wife, which he received, he can not take under the will, and at the same time claim curtesy in her real estate. It is sufficient to say with respect to this contention, that it could only operate by way of estoppel, which in order to be available must be pleaded. [Bray v. Marshall, 75 Mo. 327; Noble v. Blount, 77 Mo. 235; Avery v. Railroad, 113 Mo. 561; Price v. Hallett, 138 Mo. 561.]

It is insisted by defendant that the statute only gives a homestead in succession when it is owned by the husband and not by the wife, and therefore John H. Casler had no homestead in his mother's land. This precise question was passed upon by the Kansas City Court of Appeals in Keyte v. Peery, 25 Mo. App. 394, and it was held that if a married woman owned land by general title, occupying it as a homestead, and dies leaving a husband and minor children, there is no provision of law for the continuation of the homestead in either the husband or children; that homestead succession has nothing to uphold it but the force of *positive statute law*; that instances of homestead secured to a person *while living* as the head of a family, but not carried by succession to family after death, are limited to statutory provisions.

So it was held in Richter v. Bohnsack, 144 Mo. 516, that under the statutes of this State, a husband has no homestead in his deceased wife's estate, in which he has no curtesy and no legal or equitable or marital interest of any kind.

But whether John H. Casler, Jr., had a homestead interest in the land in question is unnecessary to decide, for the reason that his co-plaintiff was tenant by the curtesy, which entitled him to its possession.

That a homestead might be sold under the statute of 1889 by an order of a probate court having jurisdiction, for the payment of demands against an estate, subject to the homestead rights of the head of the family and minor children, while it could not be sold under attachment or execution against the head of the family during his or her lifetime, was recently decided by this court in the case of Keene et al. v. Wyatt et al., 160 Mo. 1. And the same rule applies where the title of the homestead is in the wife and she dies leaving a husband who is tenant by curtesy, as does where the title is in the husband and he dies leaving a widow and minor children.

The judgment will be modified by striking out the name of John H. Casler, Jr., wherever it appears in the judgment, and in all other respects affirmed.

*Sherwood, P. J.,* and *Gantt, J.,* concur.