## CHAPMAN et al. v. McGRATH et al., Appellants.

### Division Two, June 11, 1901.

1. **Widow's Homestead:** TITLE IN HER: SUBJECT TO SALE. The homesead right is a statutory right, and as the statute makes no provision for the continuance of the homestead after the death of the widow who herself (and not through her husband) has acquired the title to the homestead, the homestead so acquired by her is terminated upon her death, and descends to her heirs subject to the payment of her debts. And hence, after her death, her homestead may be sold for her debts.

2. ———: LAWS: DUTY OF COURTS. The courts can not make laws. They can only construe them as they find them.

Appeal from St. Louis City Circuit Court.—*Hon. L. B. Valliant,* Judge.

REVERSED.

*Kehr & Tittman* for appellants.

(1) The right to a homestead and homestead succession depend in this State entirely upon statutory provisions. Richter v. Bonsack, 144 Mo. 518; Keyte v. Peery, 25 Mo. App. 394; Thoms v. Thoms, 57 Miss. 263. (2) The statute only gives a homestead by succession when it is owned by the husband. The statute nowhere gives a homestead by succession to the minor children of a widow in property owned by her. Keyte v. Peery, 25 Mo. App. 394; Richter v. Bonsack, 144 Mo. 516; R. S. 1899, sec. 3620; Casler v. Gray, 159 Mo. 588. (3) Mary T. Chapman died November 10, 1896. The right of homestead in her minor children accrued, if at all, at that time. Defendant acquired the property in question in October, 1897. Keyte v. Peery, supra, was decided April 11, 1887, over ten years before that time. That decision constituted a rule of property and should not be overruled. Reed v. Ownby, 44 Mo. 204; Dunklin Co. v. Chouteau, 120 Mo. 593; Stuart v. Brown, 112 Mo. 176; Wells on Res Adjudicata and Stare Decisis, p. 542, sec. 594, et seq. (4) The possession of the wife is the possession of the husband and he is the only proper party defendant in an action of ejectment. The judgment against her is a nullity. Gray v. Dryden, 79 Mo. 106; Kanaga v. Railroad, 76 Mo. 207; Wilson v. Geraghty, 70 Mo. 51; Flesh v. Lindsay, 115 Mo. 17.

*F. & Ed. L. Gottschalk* for respondents.

(1) The homestead of every housekeeper or head of a family . . . . which is or shall be used by such housekeeper or head of a family as such homestead, shall . . . . be exempt from attachment or execution. R. S. 1889, sec. 5435, p. 1302; R. S. 1899, sec. 3616, p. 892. (2) When any subject-matter, party or person is described or referred to by words importing the singular number or the masculine gender, several matters and persons, and females as well as males, and bodies corporate as well as individuals, shall be deemed to be included. R. S. 1889, sec. 6568, p. 1541; R. S. 1899, sec. 4158, p. 996. Referring to personal property the statutes provide: "The following property when owned by the head of a family shall be exempt from attachment and execution," etc. R. S. 1889, sec. 4903, p. 1106, and sec. 4906, p. 1107; R. S. 1899, secs. 3159 and 3162, p. 790. (4) A married woman having been abandoned by her husband, but living with and supporting her child, is the head of a family. Nash v. Norment, 5 Mo. App. 545.

BURGESS, J.—This is an action of ejectment for the possession of a tract of land in the city of St. Louis described as follows, to-wit: Lot six of city block one thousand and seventy-seven, having a front of twenty-five feet on the south line of University street, and a depth southwardly of the same width of one hundred and forty-five feet, four and one-half inches, to a public alley, on which lot there is erected a two-story dwelling house, known as No. 2536, University street, all of the value not exceeding twenty-five hundred dollars.

The plaintiffs are the minor children of Mary T. Chapman, deceased, and sue by their next friend, Thomas M. Quinn. Their mother purchased the property on the fourteenth day of September, 1896, and received a deed of that date therefor which was recorded in the office of recorder of deeds in the city of St. Louis, on September 17, 1896. At

the time of the purchase of the property she, together with her minor children, the plaintiff herein, took possession of it, and occupied it as their homestead until the fourth day of October, 1897.

On the fourteenth day of September, 1896, Mrs. Chapman executed to Frederick A. Bacon, trustee, a deed of trust, by which she conveyed to him the property in question, and delivered to him possession thereof, to secure to John T. Malter, six hundred dollars and notes for the interest.

Mary T. Chapman died November 10, 1896. Her estate was thereafter taken charge of by W. C. Richardson, public administrator of said city, who thereafter, in pursuance of an order of the probate court of said city, sold said property for the payment of debts allowed against the said estate, and in accordance with said sale executed to one F. A. Hinners a deed to said property, in which is recited the order of the probate court of the city of St. Louis, made at its June term, 1897, directing said administrator to sell the land in question at private sale, and the steps taken by him in carrying out said order, the sale of the property to F. A. Hinners for the sum of $1,200, his report of sale at the next term of the probate court, and the approval thereof by the court. Hinners thereafter sold the property to the defendants, McGrath, for the sum of $2,100, and on the fourth day of October, 1897, his wife joining with him, executed to them a deed conveying to them said property, and within a few days thereafter defendants took possession of it and have continued therein ever since.

The deed of trust was released on the margin of the record on the fifth day of October, 1897.

The rents and profits were shown to be twenty dollars per month. To the evidence establishing these facts defendants interposed a demurrer which was refused by the court, and judgment rendered in favor of plaintiffs for the possession of

the property, and one hundred and eighty dollars damages. Defendants appeal.

The question upon which this case turns is as to whether or not, upon the death of Mrs. Chapman, her minor children succeeded to her homestead rights in the property in question; if so, the judgment must be affirmed.

By section 5435, Revised Statutes 1889, it is provided that the homestead of every housekeeper or head of a family of the value of not more than $3,000, in cities having a population of over 100,000, shall be exempt from attachment and execution as therein provided, and by section 5439, Revised Statutes 1889, it is provided that, "If any such housekeeper or head of a family shall die, leaving a widow or any minor children, his homestead to the value aforesaid shall pass to and vest in such widow or children, or if there be both, to such widow and children, and shall continue for their benefit without being subject to the payment of the debts of the deceased, unless legally charged thereon in his lifetime, until the youngest child shall attain its legal majority, and until the death of such widow; and such homestead shall, upon the death of such housekeeper or head of a family, be limited to that period." It will be observed that while the statute provides that if such housekeeper or head of a family shall die leaving a widow or any minor children, his homestead shall pass to and invest in such widow and children, it contains no such provision with respect to the minor children where the widow herself acquires the title to the homestead, and as the homestead right is a statutory right, and it makes no provision for its continuation in any other person, it is terminated upon the death of the widow, and descends to her heirs subject to the payment of her debts.

In Keyte v. Peery, 25 Mo. App. 394, it was held that if a married woman owns land by general title which she occu-

pies as a homestead, and dies, leaving a husband and minor children, there is no provision of law for the continuation of the homestead in either the husband or children; that homestead succession has nothing to uphold it but a force of positive statute law; that instances of homestead secured to a person while living as head of a family, but not carried by succession, to family after death, are limited to statutory provisions.

The same principle was announced by this court in Richter v. Bohnsack, 144 Mo. 516, wherein it is held that under the statutes of this State a husband has no homestead in his wife's landed estate, in which he has no curtesy and no legal or equitable or marital interest of any kind.

The same rule is announced in the recent case of Casler v. Gray, 159 Mo. 588.

The question is not as to whether Mrs. Chapman was a housekeeper or the head of a family, and by reason thereof the property in question, when occupied by her with her family as a homestead, is exempt from attachment and sale under execution, but is as to whether or not the plaintiffs, who are her minor children succeeded to her homestead rights, upon her death. That the statute makes no provision for the succession of the homestead on the death of a widow having minor children is too plain for argument, but plaintiffs insist that inasmuch as a widow may have a homestead if a housekeeper or the head of a family, under section 5435, supra, section 5439 should be construed to read as: "If any such housekeeper or head of a family shall die leaving .... any minor children, her homestead to the value aforesaid shall pass to and vest in such .... children," etc. But this would be making the law instead of construing it as we find it, while our duty is restricted to the latter.

Our conclusion is, that upon the death of Mrs. Chapman

the homestead right which was invested by law in her ceased, and that plaintiffs did not acquire such right by succession.

For reason indicated we reverse the judgment.

*Sherwood, P. J.,* and *Gantt, J.,* concur.