## In re KAUFMANN.

(District Court, E. D. Wisconsin. January 18, 1906.)

1. CURTESY—BAR—CONVEYANCE TO WIFE BY HUSBAND.
   The right of a husband to hold land of his deceased wife during his lifetime as tenant by the curtesy, expressly given by Rev. St. Wis. 1898, § 2180, is not affected by the fact that such land was conveyed by the husband by general warranty deed to one who afterwards conveyed to the wife.

   [Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Curtesy, §§ 22, 27.]

2. HOMESTEAD—TITLE UNDER WISCONSIN STATUTE—TENANT BY THE CURTESY.
   Under the homestead statute of Wisconsin, which provides that "such exemption shall extend * * * to any estate less than a fee held by any person by lease, contract, or otherwise," a tenant by the curtesy is entitled to the exemption in lands occupied by him and his children as a homestead after the death of his wife.

   [Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Homestead, §§ 114, 119.]

3. BANKRUPTCY—RIGHT TO HOMESTEAD EXEMPTION—WAIVER.
   Under the decisions of the Supreme Court of a state that its homestead law is to be liberally construed to effect its purpose, the fact that a bankrupt failed to schedule real estate standing in the name of his deceased wife, of which he was tenant by the curtesy, and which was occupied by him and his children as a homestead, or to claim his right of exemption therein, was not such a waiver of his right as to preclude the court from allowing him to subsequently amend his schedule and assert his claim, where the omission was due to his ignorance of the law concerning which his counsel failed to enlighten him, although advised of the facts.

In Bankruptcy. On review of decision of referee.

W. B. Rubin, for the bankrupt.
Harry M. Silber, for the trustee.

QUARLES, District Judge. This is a proceeding to review the determination of the referee as to the homestead right of the bankrupt in certain real estate in the city of Milwaukee.

The brief presented upon this hearing by the attorneys for the creditors displayed such industry and research that it seems fitting that the court should briefly give the reasons for the conclusion that

it has reached. It seems that the property in question was purchased by the bankrupt upon the 2d day of March, 1895, and was by him immediately transferred by warranty deed, in the usual form, to one H. Goldberg, and by the said Goldberg, by like deed, transferred to Jennie Kaufmann, wife of said bankrupt, which deeds were duly recorded. The title to said premises remained in the name of Jennie Kaufmann until her decease which occurred on the 4th day of May, 1905. She died intestate, leaving, her surviving, her husband, Max Kaufmann, and nine children, the issue of such marriage. Said premises have been continuously occupied by such family as a homestead both before and since the death of said Jennie Kaufmann. The bankrupt omitted to claim any exemption by way of homestead in his schedule, and omitted to mention therein any title or interest that he might have to the premises as an asset of his estate. Thereupon, after a considerable lapse of time, the bankrupt having learned of his mistake, petitioned the referee for leave to amend his schedules, and interpose a claim of homestead in said premises, predicated upon his tenancy by curtesy. The referee allowed such amendment, which ruling of the referee has been by this proceeding brought before the court for review.

The record seems to present three concrete questions: First, whether Max Kaufmann, the bankrupt, under the statutes of Wisconsin, and under the circumstances of the case, became entitled as the tenant by curtesy to hold these premises during his lifetime; second, whether the bankrupt is entitled as such tenant by the curtesy to avail himself of the homestead exemption law; and, third, whether said bankrupt has waived such right by failing to make seasonable claim thereto, as required by the bankruptcy act.

1. The first proposition seems to be concluded by section 2180, Rev. St. Wis. 1898, whereby it is provided that:

"The husband, on the death of his wife, shall hold the land of which she dies seized, and which was not disposed of by her last will and testament, for his life as tenant thereof, by the curtesy provided," etc.

It will be remembered that the Supreme Court of Wisconsin has several times held that sections 2340 and 2341, the "married woman's act," so called, do not impair the tenancy by the curtesy conferred by law upon the husband. It was argued on the strength of Haight v. Hall, 74 Wis. 152, 42 N. W. 109, 3 L. R. A. 857, 17 Am. St. Rep. 122 that the bankrupt had precluded himself from making any claim to the curtesy by the absolute conveyance, and especially by the habendum clause in such conveyance to the wife. In the Wisconsin case referred to, the conveyance to the wife by a third person contains language clearly expressive of a purpose to preclude such right of the husband, and such intention of the grantors was held to be effectual. But that case has no persuasive power here. These conveyances by which the title was transferred to Mrs. Kaufmann were in the usual form of warranty deed and contained no reference to, and cannot, in my judgment, affect the operation of the statute above referred to. Therefore it appears that the bankrupt by virtue of the Wisconsin statute became a tenant by the curtesy and entitled to hold the premises during the remainder of his natural life.

2. It is contended by counsel for the creditors that a homestead owned by a married woman does not descend as a homestead to her heirs at law. An examination of the Wisconsin statute seems to confirm this contention (Keyte v. Peery, 25 Mo. App. 394), but as applied to this case the reference in the statute means only that this piece of real estate passed to the nine children without any statutory exemption, so far as the debts of Jennie Kaufmann are concerned, and it follows, therefore, that if the bankrupt has any homestead rights in the premises, the same must be based upon his own title. Many authorities have been cited to the proposition that the tenant by curtesy is not "the owner" within the meaning of the exemption statutes; but inasmuch as the whole subject of exemptions is a creation of the statute, little light is gained by the decisions of the various states, under the different legislative enactments. It is true that section 1 of chapter 269, p. 365, Laws 1901, speaks of "a homestead to be selected by the owner thereof," and if that provision stood alone, the question under discussion might be doubtful. Indeed, it was considered by the earlier decisions in Wisconsin and Michigan, and the statute was amended in 1867 by adding thereto the words which we now find in the last clause of said section 1, namely: "Such exemption shall extend * * * to any estate less than a fee held by any person by lease, contract, or otherwise." This language makes it plain that the life estate of the bankrupt was a sufficient tenure to bring him within the protection of the statute. The property was devoted to the purposes of a homestead by the bankrupt and his nine children after the death of his wife. So that, although the protection of the statute was not transmitted, upon the death of the wife it arose anew in behalf of the bankrupt by virtue of his own title. Therefore we conclude that the bankrupt was entitled to claim the benefit of the homestead law with respect to the premises in question.

This brings us to the third proposition. Did the bankrupt waive the statutory right by failing to conform to the seventh section of the bankruptcy act (July 1, 1898, c. 541, 30 Stat. 548 [U. S. Comp. St. 1901, p. 3424]) which requires him to make specific claim of a homestead in his schedules? This omission on the part of the bankrupt is evidently attributable to ignorance. He says in his testimony that he told his attorney about it, and his attorney said nothing; so it would appear that his attorney was afflicted with the same difficulty. I am aware that it has been held in some cases, two of which are cited in the brief, that the court is justified in construing this omission as a waiver. But in dealing with the statutes of Wisconsin, it is at least becoming to consult the decisions of the court of last resort to ascertain the policy of the state regarding such enactment. It would be useless to cite the large number of cases in Wisconsin which have consistently held from the beginning that the homestead law should be liberally construed. To effectuate this purpose, I conceive that the same liberality should be extended to the bankrupt when considering his conduct in the present case. Actuated by this spirit of fairness and toleration, it would seem harsh to deprive the bankrupt and his nine children of their homestead right because of his failure to comply with a technical requirement of law of which he was in ignorance, and concern-

ing which his counsel failed to enlighten him. Under the circumstances of this case the exemption will probably ñot cover the entire premises, but under the ruling of the referee the bankrupt will be compelled to make his claim, and there will be allowed to him no more than he is strictly entitled to under the statute in question.

For these reasons, the decision of the referee is affirmed.