ZITA N. BARLOW *et al. vs.* MICHAEL J. BARLOW.

FEBRUARY 21, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. Mary E. Barlow of Providence died intestate leaving a husband (appellee) and two children (appellants). Mr. Barlow was appointed administrator of his wife's estate by the Municipal Court of Providence. In due time he petitioned said court for authority to sell three parcels of her real estate because her personal property was insufficient to pay her debts, funeral expenses and

charges of administration. It appeared in the petition that said real estate was subject to Mr. Barlow's right of curtesy and that two of the parcels of real estate were subject to a mortgage for $1,900. The court entered its decree authorizing the sale of two of the parcels of real estate at private sale for a gross price of not less than $3,318, exclusive of the curtesy of Mr. Barlow. The decree provided that the mortgage might be cancelled from the proceeds of the sale. Appellants claimed an appeal from this decree to the Superior Court. After trial in the Superior Court decision was entered denying the appeal. Appellants then brought their appeal to this court by their bill of exceptions the only exception stated being that the decision denying their appeal was erroneous and ought to be reversed.

Appellants contend that the court erred (1) in authorizing said real estate to be sold for $3,318; (2) in authorizing the amount of the mortgage indebtedness to be deducted from the proceeds of the sale. These contentions can not be sustained.

As to the first contention the necessity for the sale of the real estate is beyond question as it was proved that the personal property of the deceased was insufficient to pay her debts, funeral expenses and charges of administration and that a sale of her real estate was required for the purpose of making such payments. § 5338, G. L. 1923. As the court authorized the administrator to sell the real estate at private sale it was necessary for it to fix a sum below which the sale should not be made. § 5344, G. L. 1923. This the court did.

The second contention is based upon the claim that because Mr. Barlow signed the mortgage note with his wife and released his right of curtesy in said real estate when he signed the mortgage deed, he is entitled to his curtesy only in the value of the equity of redemption in said real estate and not in the whole value thereof and that the court erred in permitting the amount of the mortgage note to be deducted from the proceeds of the sale of the reversion in said

real estate. Upon the death of Mrs. Barlow her husband became entitled to the possession, use and enjoyment of all of the real estate of which she died seized and possessed for and during the term of his life as tenant by the curtesy consummate. The reversion in said real estate vested in her children subject to its being sold by her administrator, if necessary, for the payment of her debts.

The estate of tenant by the curtesy is well recognized in this State. *In re the Voting Laws,* 12 R. I. 586; *Rice* v. *Board of Aldermen, Woonsocket,* 43 R. I. 305. By statute the will of a married woman can not impair the rights of her husband upon her death as tenant by the curtesy, nor is an estate by curtesy barred by the statute relating to the descent of intestate real estate. §§ 4302, 5553, G. L. 1923. As to the payment of a mortgage indebtedness, it is generally considered that even though a debt is secured by a mortgage, if it is the personal debt of the decedent, it is to be paid primarily out of the personalty. 24 C. J. 462. In *Mathewson* v. *Smith,* 1 R. I. 22, this court said it was the duty of the administrator to pay the debts of the deceased husband so far as his real and personal estate were sufficient for that purpose, and that this duty extended to the payment of his debts secured by mortgage as well as those not so secured. In *Mowry* v. *Mowry,* 24 R. I. 565, it was held that a widow was entitled to full dower in all of her husband's lands if there was either real or personal property wherewith to pay his debts, including his mortgage indebtedness and that the widow's claim for dower was paramount to that of his heirs, even if it exhausted all of the real estate left after the payment of incumbrances. To the same effect is *Peckham* v. *Hadwen,* 8 R. I. 160. In these cases it was decided that a widow's right of dower was not subject to her husband's mortgage indebtedness. Much of the reasoning in these cases is applicable to the instant case. A case in point is *Casler* v. *Gray,* 159 Mo. 588, in which it was held that the surviving husband's right of curtesy consummate in the land of his deceased wife, which she had mortgaged, was not in

120

the equity of redemption but was in the land after the mortgage debt had been paid by her executor from the proceeds of a sale of the reversion. In this case the mortgage note was made by Mrs. Barlow to secure the purchase price of the estate mortgaged. Her husband signed the note and mortgage as surety. He had a right to have the note paid out of her estate and his obligation discharged. The mortgage could not be used to affect his right as tenant by the curtesy except by the mortgagee or those claiming under it. *Mathewson* v. *Smith, supra.* Mrs. Barlow could not deprive her husband of his estate by the curtesy in her real estate and her heirs inherited it subject to the same burden.

The exception is overruled. The case is remitted to the Superior Court for further proceedings following the decision.

*Judah C. Semonoff*, for appellants.
*Daniel A. Colton*, for appellee.